CHARLES K. SMITH, Respondent, *v.* A. D. BROWN, Garnishee of Hutchinson, Greene & Co., Appellant.

A garnishee should be allowed to amend his answer whenever it appears that he has committed a mistake or fallen into an error, which could not reasonably have been avoided.

This Court will not interfere in this respect with the proceedings of the Court below, unless the record shows a gross abuse of discretion.

An order requiring a garnishee to pay into Court the amount for which judgment has been rendered against him, may be considered as improper.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The facts are stated in the opinion of the Court.

*Winans & Hyer* for Appellant.

The Court erred in refusing to permit the appellant to amend his answer.   Carrique *v.* Sidebottom, 3 Met., 297.   Pollock *v.* Hunt, 2 Cal , 193.

*Harmon & Sunderland* for Respondent.

The petition of Brown to amend his answer discloses no new fact which, if allowed to be shown, would change his liability, and Courts will allow an answer of a garnishee to be amended in extreme cases only.   Smith *v.* Babcock, 3 Sumner, 583.

MURRAY, C. J., delivered the opinion of the Court.   HEYDENFELDT, J., concurred.

This appeal is taken from an order of the Court below, refusing appellant's application to amend his answer as garnishee.

The application was directed to the discretion of the Court, and as such discretion does not appear to have been grossly abused, we will not attempt to review it.

To subserve the purposes of justice, Courts should allow a garnishee to amend his answer whenever it appears that he has committed a mistake or fallen into an error which could not reasonably have been avoided.

This case shows no facts to recommend it to the interposition of this

Court; but, on the other hand, all the circumstances might very well warrant the Court below in the suspicion of fraud, with which it has decided the whole transaction is tainted.

The whole proceeding of the District Court was irregular. It was the duty of the Court simply to render a judgment against the garnishee for the amount found due, and the order to pay the same into Court may be considered as improper.

This, however, makes no difference in the substantial rights of the parties, as the plaintiff is entitled to have said money applied on his execution.

Judgment affirmed with costs.