## SPRING *v.* HILL & CARR.

Where a new note, on the same terms, between the same parties, for the same sum, and of the same date, is given as a substitute for a previous note secured by mortgage, the owner is entitled to a foreclosure on the new note.

Where a deposition is taken *ex parte*, though after notice, and the witness is, therefore, not subjected to a cross-examination, the language used by him will be suspiciously regarded, and only a very literal interpretation given to it.

APPEAL from the District Court of the Third Judicial District, County of Santa Cruz.

The plaintiff filed his bill of foreclosure. On the trial the plaintiff read in evidence the note and mortgage. The defence set up is that the note sued on is not the note, to secure which the mortgage was given. In support of this, the deposition of the defendant Hill, the mortgagor, taken on behalf of his co-defendant, Carr, the subsequent purchaser of the land, was read in evidence. The deposition was taken apparently on notice, at least no exception on that ground is taken to it, but the plaintiff was not represented at the taking of the deposition, and the witness was not subjected to any cross-examination. Other exceptions were taken to the admission of the deposition which are not passed upon by the Court. The substance of the deposition appears in the comments upon it in the opinion of the Court.

Judgment was rendered for defendant in the Court below.    Plaintiff appealed.

*W. W. Stow,* for Appellant.

Even if the testimony of Hill were admissible, and were taken as true, the plaintiff is entitled to a .decree of foreclosure.    The note is the mere *evidence* of indebtedness, and the change of the evidence of indebtedness does not affect the indebtedness itself.    Nothing but payment or relinquishment will discharge the mortgage, and neither is asserted in this case.    Heard *v.* Evans, 1 Freeman's Ch. R., 79; Robinson *v.* Page, 3 Russell, and 3 Cond. Eng. Ch. R., 318; Davies *v.* Maynard, 9 Mass., 242; Pomeroy *v.* Rice, 16 Pick., 22; Hynes *v.* Rogers, 5 Littell, 229; Hawkins' heirs *v.* King, 2 Marshall, 109.

*R. F. Peckham* for Respondents.

Mr. Justice HEYDENFELDT delivered the opinion of the Court.    Mr. Justice TERRY concurred.

I have no doubt, from the evidence, that the complainant is entitled to a foreclosure.    The note sued on is described with exactitude in the mortgage.

The witness, Hill, in testifying that the mortgage was given to secure another note, describes the latter differently from the description given in the mortgage; and although this is not conclusive in favor of the one sued on, yet, taken in connection with other circumstances, it has some weight.

His statement that the note given in evidence was made only five months before, and yet, as it seems, was dated a year previous to the time it was made; made to bear the same date, for the same amount, to the same payee, and upon the same terms as the first note—all this would indicate conclusively that the note sued on was a mere counterpart of and substitute for the first note given.    It is true the witness says, in speaking of the first note, "this note has never been ·taken up by me; it is outstanding."    This language ordinarily would be taken to mean that the note was still a liability.

But when the whole matter could have been so easily explained by the witness having in his power to state the consideration of each note, to show that they were given for different objects, to explain the reason of antedating the last note, and to declare explicitly whether he was indebted for one or both; and when also his evidence was taken by deposition *ex parte,* and he was not subjected to cross-examination, the language he uses will be regarded suspiciously, and only a very literal interpretation given to it.    It must be considered to mean only that he has not received the note in his own hands.    Of this the defendant cannot complain.    He had the power, through his own witness, to make the whole truth appear beyond any question.    If he suffers, it is because he failed to do what was his interest and his duty.

The judgment is reversed and the cause remanded.