[No. 4,179.]

## WOOD *v.* CURREY.

BILL IN EQUITY TO RESTRAIN AN EXECUTION.—If a bill in equity is filed to restrain the enforcement of an execution, on the ground that the judgment has been paid, the defendant, if he would avail himself of the defense that the plaintiff had a remedy at law by motion in the Court from which the execution issued, must do so by motion to dismiss the bill, or by some other proper means, before answering on the merits. If he answers on the merits, he waives such defense.

IDEM.—Question not decided, whether a bill in equity lies to restrain the enforcement of an execution issued on a judgment which has been paid, if the proper objections are made to it, and in season.

SATISFACTION OF JUDGMENT.—If a judgment creditor has received from the judgment debtor the full amount due on the judgment, it is his duty to enter satisfaction of the same, unless, by express agreement of the parties, he is at liberty to keep the judgment alive, and the burden of establishing such an agreement is cast upon the judgment creditor.

APPEAL from the District Court, Seventh Judicial District, County of Napa.

On the 1st day of April 1871, the defendant Currey recovered a judgment against the plaintiff Wood, in the District Court of Napa County, for the sum of $4,912 25.

On the 3d day of June, 1871, Currey received on the judgment, by sale on execution of certain real estate known as the Napa Soda Springs property, the sum of $2,748 40. Currey also received other sums made on execution in April and October, 1871. Wood supposed that the time to redeem the Napa Soda Springs property expired on the 3d day of December, 1871, and being anxious to redeem it, sent his agent Gibbons, to Currey to secure further time to redeem, and to find out how much would be required to pay the balance on the judgment. The time to redeem did not expire until December 8th, owing to a demand that had been made on Currey for an account of the rents he had received for the property. Currey informed the agent that it would require $4,330, and·gave until the 10th of January, 1872, to redeem. This arrangment was a verbal one. On the 10th of January, Wood paid Currey $2,330, in money, and Currey agreed to take Fenn and Burdell, the tenants on the

property for the balance. Currey had received the Sheriff's deed, and he, at the same time, executed a conveyance of the title he had acquired by such deed. On the 4th of March, 1873, Currey procured the Clerk to issue an execution on the judgment for the sum of $980 16, which was again levied on the Napa Soda Springs property, and it was advertised for sale by the Sheriff. Wood filed a bill in equity to enjoin the judgment in which he alleged that the judgment was paid. Currey, in his answer, denied that it was paid. Currey claimed that the former arrangement was a sale of the property by him to Wood, and that the judgment was not paid. The case was referred to a referee, who found the facts in favor of the plaintiff, and judgment was entered in his favor. After the plaintiff had rested, the defendant moved for a nonsuit because the complaint did not state a cause of action in equity, in this, that it showed that the plaintiff could have obtained relief at law, by a motion in the action to have the execution recalled. The referee denied the motion. The defendant appealed.

The other facts are stated in the opinion.

*Curry & Evans,* for the Appellant.

The referree erred in refusing to grant a nonsuit to plaintiff, upon defendant's motion therefor.

1st. Because the relief claimed in the complaint could have been obtained at law by application to the Court, if the plaintiff was entitled to the same; and, therefore, the plaintiff's complaint shows no equity entitling plaintiff to relief in this action. If the judgment was fully paid, as plaintiff claimed, the Court in which it was obtained could have afforded complete relief, by order, staying execution, and directing satisfaction of the judgment to be entered of record. (*Dyckman* v. *Kernochan,* 2 Paige, 26; 1 Barb. Ch. Pr. 619; *Dederick* v. *Hoystradt,* 4 How. Pr. R. 352; *Chappell* v. *Potter,* 11 How. Pr. R. 365; *Logan* v. *Hillegass,* 16 Cal. 201; *Sanchez* v. *Carriaga,* 31 Cal. 171; *Ketchum* v. *Crippen,* 37 Cal. 227; *Murdock* v. *De Vries,* 37 Cal. 527.)

*C. A. Tuttle,* for the Respondent, argued that as the de-

fendant had failed to demur to the complaint, he had waived the point that the plaintiff had a remedy at law, and cited *Bipend* v. *Kreutz* (20 Cal. 110). He also argued that the cases cited by the respondent did not sustain his position, for they were cases in which an injunction was sought for some technical reason, such as a defect in the service of process, or that the judgment was entered in vacation, and that in no case did the bill aver any equity. That the Constitution gave to District Courts jurisdiction in all cases in equity, and that an averment that a judgment was paid, and that the defendant was seeking to enforce it, was a case in equity, and cited Story's Equity Jur. Secs. 886, 887.

By the Court, WALLACE, C. J.:

1. The objection that the remedy of the plaintiff was by motion in the original cause, and not by bill in equity, even if well founded in practice (a question upon which we express no opinion), will not be considered. The defendant made no motion in the Court below to dismiss the bill, on that or any other ground, but answered to the merits. The cause was then referred, by consent of parties, to a referee, who was authorized to hear evidence and report a judgment to the Court. Under these circumstances, the objection upon the point of procedure, made for the first time before the referee, came too late.

2. The bill of exceptions contains many assignments of supposed error committed by the referee in admitting testimony upon the part of the plaintiff, but we discover none which injuriously affected the substantial rights of the defendant, or which would justify us in directing a new trial of the case.

3. Upon the material issues between the parties, the evidence was sharply conflicting. The principal point of controversy was as to whether the settlement had between Currey and Gibbons—a son-in-law of Wood—was intended by the parties to include a satisfaction of the judgment of Currey against Wood; and the evidence upon this point, as to details, was contradictory.

It is apparent, however, that the defendant has, in point of fact, collected and received the full amount of his judgment against the plaintiff Wood, and more than that amount. Under such circumstances, his duty to enter satisfaction of the judgment is clear, unless it were distinctly made to appear that by express agreement of parties he was at liberty to keep the judgment on foot, even after receiving the whole of the moneys due thereon. Under such circumstances the burden of establishing such an agreement was, of course, cast upon the defendant. The referee found for the plaintiff; the Court below, upon motion made for a new trial, was satisfied with the findings, and refused to set them aside, and we certainly see nothing either in the evidence or the circumstances of the case which would warrant us in overruling both the referee and the Court below, upon the questions of fact involved.

Judgment and order affirmed. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.