[No. 13972.   In Bank. — September 21, 1891.]

## S. G. THOMPSON, Respondent, *v.* JAMES LAUGHLIN, Appellant.

Injunction — Restraining Execution — Alternative Judgment in Replevin — Return of Property Pendente Lite — Agreement to Satisfy Judgment. — An injunction will be granted to enjoin the enforcement of an alternative judgment in replevin for the return or value of the property sued for, where it appears that during the pendency of the action, and after issue joined therein, the property was all returned to the plaintiff in the replevin suit; that the defendant therein was prevented by the court from showing that fact under the pleadings; and that after the judgment, and within the time allowed to move for a new trial, it was agreed between the parties that upon the payment of a specified sum the judgment should be satisfied; and that relying upon the agreement, no such motion was made, and the tender of the amount agreed upon was rejected after the time for such motion had elapsed.

Id. — Satisfaction of Alternative Judgment — Prior Voluntary Return of Property — Relief in Equity. — An alternative judgment in the form usual in actions of claim and delivery of personal property is satisfied by a voluntary return of the property prior to the entry of the judgment.   The party obtaining the judgment is not entitled to both

property and value; and having received the property, equity, treating
that as done which ought in justice to be done, will consider it as re-
ceived in satisfaction of the judgment, and enjoin its further execution.

ID. — RESTRAINING JUDGMENT FOR FRAUD — PREVENTION OF DEFENSE —
LOSS OF RIGHT TO MOVE FOR NEW TRIAL. — Fraudulent conduct and
deceitful representations upon the part of a plaintiff in an action at law,
by means of which a defendant having a meritorious defense is prevented
from interposing it, or has lost the right to move for a new trial, is
ground to restrain the enforcement of the judgment.

ID. — FRAUD OF ATTORNEY. — The fraudulent conduct of the attorney of a
party recovering a judgment may afford sufficient ground for enjoining
the judgment.

ID. — NEGLIGENCE OF LOSING PARTY — VERBAL AGREEMENT TO SETTLE
JUDGMENT. — The failure of the losing party to move for a new trial af-
ter a verbal agreement for a settlement of the judgment with the attor-
ney of the opposite party, under the circumstances of this case, *held* not
to be such negligence as to deprive him of the right to appeal to a court
of equity to restrain the enforcement of the judgment for a fraudulent
violation of the agreement.

ID. — RESTRAINING ENFORCEMENT OF SATISFIED JUDGMENT — REMEDY BY
MOTION. — The remedy by injunction to restrain the enforcement of a
satisfied judgment is proper, notwithstanding the court in which the
judgment was rendered might have the power to grant the same relief
upon motion to stay the execution.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The facts are stated in the opinion of the court.

*Dooner & Burdett*, for Appellant.

*Wells, Guthrie & Lee*, for Respondent.

DE HAVEN, J. — On November 8, 1889, in the supe-
rior court of Los Angeles County, the defendant herein
obtained a judgment against the plaintiff in this action
for the recovery of the possession of a certain lot of lum-
ber, or in case a delivery thereof could not be had, then
for its value, found to be $1,000, and also for $250 dam-
ages, and costs of the action.

This action is brought to enjoin the enforcement of
said judgment for damages, and also the alternative part
for the value of the lumber.   The court below rendered
judgment enjoining the defendant from collecting the
said sum of one thousand dollars, and requiring him

to satisfy the judgment to that extent.   The defendant appeals.

The court below found, and indeed the fact is not denied in the answer, that during the pendency of the action brought by the defendant against the plaintiff, but after issue joined therein, the plaintiff returned to the defendant all of the lumber sued for.   It also appears that during the trial, which resulted in the judgment referred to, the plaintiff herein offered to show this fact, but the court held the evidence inadmissible under the pleadings.

The findings further show that after the rendition of said judgment, and within the time allowed by law to move for a new trial, the attorney for the defendant in that action agreed with the plaintiff's attorney therein that upon payment of $150 and costs, the said judgment should be satisfied, and that relying upon this agreement, the plaintiff herein did not move for a new trial, and that after the time to move for a new trial had elapsed, the attorney for the defendant refused to accept the said sum agreed upon, and to satisfy said judgment.

1. Upon the facts above stated there can be no doubt that it would be an act of gross injustice upon the part of appellant to enforce the collection of the alternative judgment for one thousand dollars, and there can be as little doubt that it is within the power of a court of equity to prevent it.   As already stated, the court below finds, and the defendant does not deny, that before the rendition of the judgment the plaintiff had in fact returned to him the lumber sued for, and that he has used and sold the same.   This being so, the judgment, in so far as it awarded to the defendant here the right to recover said lumber, or its value if no delivery could be had, has already been satisfied.   That judgment, in the form in which it was entered, was in accordance with former decisions of this court.   (*Berson* v. *Nunan,* 63 Cal. 550; *Arzaga* v. *Villalba,* 85 Cal. 195; *Brichman* v. *Ross,* 67 Cal. 606.)   But although the judgment was in that form, it did not entitle appellant to both property

and value. It affirmed his right to the possession of the property, and was in legal effect an adjudication that the plaintiff here wrongfully detained it from him at the date of the commencement of that action, and that since then he had acquired no right to retain its possession from the appellant.

In *Arzaga* v. *Villalba*, 85 Cal. 195, this court said: "But the judgment must always be in the alternative. Even when the possession not only can be but has been delivered (under provisional process), the judgment must nevertheless be for the recovery of the property, or its value in a specified sum in case possession cannot be had. (*Berson* v. *Nunan*, 63 Cal. 552; *Brichman* v. *Ross*, 67 Cal. 606.) And it by no means follows that the plaintiff is to have both the property and its value. So far as this part of the judgment is concerned, it is for one thing or the other, not both; and if possession has already been delivered to the plaintiff, the court would not allow him to proceed with his execution for that part of the judgment."

It makes no difference in the application of this rule, that in the former action between plaintiff and defendant the property sued for was voluntarily delivered to the defendant here, and not under provisional process in that action

The only effect of this difference in the way the lumber was returned is in the nature of the evidence by which the fact of such previous delivery is shown to the court. But the fact, when once made to appear, has the same force in both cases.

All that the defendant was entitled to by his judgment was either the property or the value, and not both; and having the lumber in his possession, equity, treating that as done which ought according to justice to be done, will consider that the defendant received the same in satisfaction of his judgment, and will enjoin its further execution.

2. But on the other hand, if it should be assumed that the judgment has the effect claimed for it by appel-

lant, and that the previous return of the lumber does not operate as a satisfaction of any part of it, then upon the facts alleged, the plaintiff here was entitled to the injunction obtained, on account of the agreement of appellant's attorney to accept $150, and cause the judgment to be satisfied. The court finds that this agreement was made, and that, in consequence, the plaintiff neglected to move for a new trial of the action, and that appellant's attorney repudiated the agreement after the time to move for a new trial had expired. It must be presumed that by reason of this conduct of appellant's attorney the plaintiff was deprived of the substantial right to have the judgment set aside, and a new trial of the action, for it cannot be supposed that this motion would have been denied if the granting thereof was necessary in order to work that justice which is sought in this action. It may be true that this agreement was not put in such form that it could be enforced, and that the attorney had no authority, as such, to release the judgment for the sum agreed upon. But this is not an action to enforce the agreement, but it is to prevent the appellant from retaining the benefit of an unfair advantage, obtained by the representations and assurances of his attorney, and which would be an act of fraud upon the part of the appellant to retain, with knowledge of the facts.

"Fraudulent conduct and deceitful representations upon the part of plaintiff in an action at law, by means of which defendant, having a meritorious defense, is prevented from interposing it, afford frequent ground for application for the aid of an injunction to restrain the enforcement of judgments thus fraudulently obtained." (High on Injunctions, sec. 199.)

And the same rule must necessarily obtain where, by reason of such conduct of his adversary, a party has lost the right to move for a new trial.

"It is also to be noticed, in connection with the jurisdiction of equity in restraint of judgments upon the ground of fraud, that the cases in which the relief is

granted are not limited to those where the fraudulent representations are those of plaintiff in person, but that the fraudulent conduct of plaintiff's attorney in the case may afford sufficient ground for enjoining a judgment which is obtained by means of such fraud. . . . . So where defendant in the judgment shows a good equitable defense thereto, which he was prevented from making by relying upon the representations of the solicitors for plaintiff in the action, proceedings under the judgment may properly be enjoined." (High on Injunctions, sec. 202. For cases illustrative of this rule, see *Holland* v. *Trotter*, 22 Gratt. 136; *Kent* v. *Richards*, 3 Md. Ch. 392.)

In failing to move for a new trial, under the circumstances here disclosed, the plaintiff was not guilty of such negligence as to deprive him of the right to appeal to a court of equity to restrain the defendant from reaping the full fruits of the broken agreement of his attorney, and to permit which would be a fraud on plaintiff, and a reproach to the law and to the courts administering it.

Upon both of the grounds here discussed, the judgment appealed from is right.

3. The remedy by injunction was proper in this case, even conceding that the court in which the judgment was rendered might have the power to grant the same relief upon motion to stay the execution. (*Crawford* v. *Thurmond*, 3 Leigh, 85.) Besides, the defendant waived any objection to the remedy by answering, without first moving to dismiss the action, on the ground that plaintiff should have proceeded by motion. (*Wood* v. *Currey*, 49 Cal. 359.)

Judgment affirmed.

McFARLAND, J., PATERSON, J., HARRISON, J., and BEATTY, C. J., concurred.

GAROUTTE, J., concurring.— I concur in Mr. Justice De Haven's opinion upon the first ground discussed.

The judgment in *Laughlin* v. *Thompson* was a valid

binding judgment, but in all respects save as to costs, is fully satisfied, for the property has been returned to Laughlin. Why should he object because Thompson returned to him the property sooner than was required? If Thompson had retained the property and returned it after judgment, that would have strictly comported with the requirements of the judgment. Is he to suffer a grievous wrong because he was too alert in giving Laughlin his rights? If Laughlin, *vi et armis*, had taken the property from Thompson, and thus have prevented Thompson from returning it, could it be pretended that he would be entitled to execution to recover its value? The law contemplates the recovery of the property or its value; never both property and value. The execution should be quashed on motion. It should be restrained, because it would be unconscionable to satisfy it by sale of Thompson's property.

SHARPSTEIN, J., dissenting. — I dissent. This appeal is by the defendant from a judgment that he be perpetually enjoined from levying any execution or other process upon any of the property of the plaintiff for the collection of one thousand dollars, the value of lumber for which he, defendant, obtained judgment in the superior court of Los Angeles County in the suit therein wherein defendant herein was plaintiff and plaintiff herein defendant; and that defendant herein further be enjoined from attempting to or encumbering the property of plaintiff herein by any lien, by reason or virtue of said judgment, to the extent of said one thousand dollars, or from demanding any sum of money by reason or by virtue of said judgment to the extent of one. thousand dollars, value of said property; and defendant herein was required to satisfy said judgment in said superior court to the extent of said one thousand dollars.

Professor Pomeroy says: "It was a settled doctrine of the equitable jurisdiction, and is still the subsisting doctrine except where it has been modified or abrogated by

statute, or has become obsolete through the enlarged powers of the law courts to grant new trials, that where the legal judgment was obtained or entered through fraud, mistake, or accident, or where the defendant in the action, having a valid legal defense on the merits, was prevented in any manner from maintaining it, by fraud, mistake, or accident, and there had been no negligence, laches, or other fault on his part or on the part of his agents, then a court of equity will interfere at his suit and restrain proceedings on the judgment which cannot be consistently enforced."

The material allegations of the complaint are: "That the plaintiff, a constable, by virtue of a writ of claim and delivery issued out of a justice's court, in an action wherein one Wilson and others were plaintiffs, and Laughlin and Berkle were defendants, levied upon and took possession of 29,274 feet of lumber; that thereafter an action was commenced by the defendant herein against the plaintiff herein to recover the possession of said lumber, and for damages for the detention thereof; that action was tried, and a judgment was rendered in favor of the plaintiff herein. On appeal to this court by the defendant herein, said judgment was reversed, and the cause remanded for a new trial, which was afterwards had, and a judgment rendered in favor of the defendant herein and against the plaintiff herein, that he return the lumber so seized by him, or upon failure to do so, he pay in lieu thereof $1,000, and $250 damages for detention," etc. "That after the rendition of said judgment and the release of said property by order of said superior court, an action was commenced in said justice's court against said Laughlin and Berkle, and a writ of attachment issued therein and placed in the hands of the plaintiff herein, as such constable as aforesaid, and said plaintiff, in pursuance of said writ, attached the said lumber, and held the same in his possession until judgment in said action was rendered in said justice's court in favor of said Laughlin and Berkle, when plaintiff herein, by order of said justice's court, re-

leased said lumber from said attachment, and turned the same over to the defendant herein, but plaintiff herein failed to take a receipt from said defendant herein for said lumber, and said defendant herein continued to prosecute his said action of claim and delivery in said superior court against plaintiff herein; that on the trial of said action in said superior court, plaintiff herein was not permitted to give evidence of the return of said lumber to defendant herein, because said return had not been pleaded in said action."

After judgment was rendered, plaintiff's and defendant's attorneys agreed the plaintiff would pay defendant $150, and that defendant would accept that sum in full satisfaction of said judgment; that after the lapse of more than ten days after plaintiff was informed of said agreement, he tendered said $150 to defendant's attorney, who refused to accept the same, and repudiated said agreement.

Plaintiff made no motion for a new trial. The attorney who conducted his defense in the action is insolvent. The complaint was demurred to by the defendant herein on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled.

Did the court err in overruling said demurrer? In other words, does the complaint state facts sufficient to constitute a cause of action?

The only ground stated in the complaint for equitable relief of the kind prayed in this action is, that the plaintiff had a perfect defense, which he did not plead, to the action in which the execution of judgment rendered against him in said action is sought to be enforced. Why said defense was not pleaded is not stated. It is not alleged that the defendant herein is in any way responsible for the omission. The attempt to introduce evidence to prove that defense was defeated by the objection that such evidence was not admissible under the pleadings. The ruling of the court in sustaining said objection is not complained of, but plaintiff alleges that

XCI. CAL.—21

he then ascertained " for the first time " that his attorney had not pleaded said defense.

It does not appear that any application was made to the court to amend the answer so as to obviate the objection to the introduction of evidence to prove the only defense, so far as disclosed by the complaint in this action, the plaintiff had to the action which defendant was prosecuting against him. That such an amendment might have been allowed under section 473 of the Code of Civil Procedure is made clear by various decisions of this court.

No motion for a new trial — although a new trial may be granted on the ground of accident or surprise which ordinary prudence could not have guarded against — was made. (Code Civ. Proc., sec. 657.)

It is alleged that defendant's attorney agreed with plaintiff's attorney to accept $150 in full satisfaction of the judgment, and that plaintiff tendered that sum more than ten days after the agreement was made, and after the time within which notice of motion for a new trial might be given; but it is not alleged that plaintiff was prevented from giving the notice by reason of the pendency of said agreement. And within six months after the judgment was rendered, the court in which it was rendered might have relieved the plaintiff therefrom, provided said judgment was taken against him through his mistake, inadvertence, surprise, or excusable neglect. (Code Civ. Proc., sec. 473.)

Chancellor Kent says: " The rule is, that chancery will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defense, or unless he was prevented from availing himself of the defense by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part." (*Foster* v. *Wood*, 6 Johns. Ch. 87.)

" A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense

of which he could not avail himself at law because it did not amount to a legal defense, or had a good defense at law which he was prevented of availing himself of by fraud or accident, unmixed with negligence of himself or his agents." (*Hendrickson* v. *Hinckley*, 17 How. 443.)

Here the plaintiff had a good defense at law, but he was not prevented from availing himself of it by fraud or accident, unmixed with negligence of himself or agent. No element of fraud or accident is apparent. But the negligence of the plaintiff or his agent is conspicuous.

The application of the rule laid down by the eminent authorities to which I have above referred leaves the plaintiff no equities whatever. I think the party who employs an attorney who appears and conducts his defense cannot make the negligence of such attorney a ground for equitable relief from a judgment which might have been prevented by reasonable diligence. I know of no case in which the incompetency or neglect of an attorney has been held to be a sufficient ground for the relief prayed and granted in this case.

The complaint, in my judgment, does not state facts sufficient to constitute a cause of action, and the demurrer to it on that ground should have been sustained.