[S. F. No. 1414.   Department Two.—March 23, 1900.]

BROADWAY INSURANCE COMPANY, Respondent, v. HENRY WOLTERS et al., Appellants.

ATTACHMENT — GARNISHMENT — SHERIFF'S RETURN — ADMISSION OF INDEBTEDNESS—PARTIES—JURISDICTION—JUDGMENT AGAINST GARNISHEE. The service of a writ of attachment upon a garnishee is not the commencement of an action against him, nor is the return by the sheriff of an admission of indebtedness by him to the attachment defendant conclusive of that fact; and if the garnishee is in no way brought into court or made a party to the action, the court has no jurisdiction to render judgment against him, based merely upon the return of the sheriff.

ID.—VOID JUSTICE'S JUDGMENT—INSUFFICIENT DOCKET—PRESUMPTION.— Where judgment was rendered against a garnishee in the justice's court based merely upon the sheriff's return of an admission of indebtedness, and the justice's docket and the judgment failed to show that the garnishee was brought into court by any process, no presumption can be indulged in favor of the validity of the judgment, and it is void upon its face.

ID.—EQUITABLE RELIEF AGAINST JUDGMENT—REMEDY BY MOTION OR CER-
TIORARI—WAIVER OF OBJECTION—APPEAL.—Where the garnishee
brought an equitable action to set aside and enjoin the execu-
tion of the justice's judgment, averring that the return of the
sheriff was false, and that the garnishee had no knowledge of
it until forty days after the judgment was rendered, and the
defendant failed to demur to the complaint, but answered to
the merits, without objection in the court below, that the plain-
tiff had a remedy by motion or by *certiorari* to set the judg-
ment aside, objection to a judgment for plaintiff on that ground
is waived, and cannot be urged upon appeal for the first time.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.   George H. Bahrs, Judge.

George B. Graham, for Appellants.

Equity will not enjoin a judgment which is void upon its
face. (*Logan v. Hillegas*, 16 Cal. 201; *Comstock v. Clemens*, 19
Cal. 77; *Gates v. Lane*, 49 Cal. 266; *Luco v. Brown*, 73 Cal. 3;
2 Am. St. Rep. 772.) The garnishee who has admitted the in-
debtedness is not entitled to have suit brought against him.
(*Bronzan v. Drobaz*, 93 Cal. 649.) Judgment was properly en-
tered against the garnishee. (*Johnson v. Carry*, 2 Cal. 36;
*Smith v. Brown*, 5 Cal. 118; *Cahoon v. Levy*, 5 Cal. 294; *Brum-
magim v. Boucher*, 6 Cal. 17; *Roberts v. Landecker*, 9 Cal. 266;
*Bronzan v. Drobaz*, supra; 8 Am. Ency. of Law, 1244, 1245.)
The plaintiff had a remedy by appeal from the judgment, and
equity has no jurisdiction. (*Johnson v. Carry*, supra; *Norris v.
Burgoyne*, 4 Cal. 410; *Smith v. Brown*, supra; *Parker v. Page*,
38 Cal. 524; *Hartman v. Olvera*, 51 Cal. 502; *Cahoon v. Levy*,
supra; *Roberts v. Landecker*, supra; 2 Wade on Attachments,
402; citing Drake on Attachments, 630; *Field v. McKinney*, 60
Miss. 763; *Parker v. Page*, supra; *Hartman v. Olvera*, supra.)
If the judgment was void, plaintiff has a remedy by motion or
by *certiorari*, if the right of appeal was lost without laches.
(*Comstock v. Clemens*, supra; *Gates v. Lane*, 44 Cal. 396; 49 Cal.
269; *Keybers v. McComber*, 67 Cal. 398; *Luco v. Brown*, supra;
2 Am. St. Rep. 772; *Reagan v. Fitzgerald*, 75 Cal. 230.)

Crandall & Bull, for Respondent.

Service of the garnishment was not the commencement of an action against the garnishee. (*Wooding v. Puget Sound Nat. Bank*, 11 Wash. 527.) No order or process having been served upon the garnishee, the justice's court had no jurisdiction to render judgment against the garnishee. (*Missouri Pac. Ry. Co. v. Reid*, 34 Kan. 410, and cases cited.) A motion to vacate the judgment was made and denied; and equity had jurisdiction to vacate it. (*Wickersham v. Comerford*, 104 Cal. 494; *Merriam v. Walton*, 105 Cal. 403; 45 Am. St. Rep. 50; *Pioneer Land Co. v. Maddux*, 109 Cal. 633; 50 Am. St. Rep. 67; *People v. Harrison*, 84 Cal. 607; *Baker v. Riordan*, 65 Cal. 368; *Bibend v. Kreutz*, 20 Cal. 109; *Lapham v. Campbell*, 61 Cal. 296; *Martin v. Parsons*, 49 Cal. 94; Story's Equity Jurisprudence, sec. 885.) Appellants lost their rights to object that there is any other remedy than in equity by answering to the merits without objection. (*Wood v. Currey*, 49 Cal. 359; *Thompson v. Laughlin*, 91 Cal. 318.) Equity will restrain appellants from unjustly enforcing the judgment. (*Martin v. Parsons*, 49 Cal. 94; 50 Cal. 501; *Missouri Pac. Ry. Co. v. Reid, supra.*)

CHIPMAN, C.—Action in equity to restrain the enforcement of and to vacate a judgment rendered against plaintiff as garnishee, by a justice's court of Fresno county, in an action therein brought by defendants against one Jaureguiberry. This latter action was brought upon a promissory note for two hundred and fifteen dollars, February 8, 1894, and a writ of attachment was sued out in aid thereof directed to the sheriff of the city and county of San Francisco; the sheriff made return February 28th of personal service upon the general agent of plaintiff in the present action; the return contained, among other things, the following: "Statement demanded. Answer as follows, to wit: The company owes him five hundred and forty-eight dollars and fifty-five cents"; the return was filed in the justice's court March 21st, and on that day judgment was entered against Jaureguiberry in favor of defendants in the present action for two hundred and eighty-seven dollars and thirty cents, and on March 22d the justice's court entered judgment against the garnishee, plaintiff herein, for like amount and two dollars costs; on March 22d an abstract of the judgment was docketed in the clerk's office and execution on that day

issued which was directed to the sheriff of the city and county, of San Francisco, and the court found, in addition to the foregoing facts, that "the said sheriff proceeded to enforce collection of said judgment herein, and unless restrained the defendants will enforce collection thereof." The court also found "that on May 12, 1894, this plaintiff moved said justice's court to set aside and vacate the judgment given by said court against the said Broadway Insurance Company, but, on objection of defendants herein that said justice had no jurisdiction to grant said motion, the same was denied." Plaintiff had judgment vacating and setting aside the judgment of the justice's court and restraining its enforcement. Defendants appeal from the judgment and from the order denying their motion for new trial.

There are two principal questions presented: 1. Is the judgment of the justice's court valid?   2. If invalid, has the equity court jurisdiction to award the relief prayed for?   Incidental to these questions appellant contends: 3. That at most the judgment was only voidable, and the remedy was by motion before the justice and by appeal, but, if the time has expired without laches, then by *certiorari* out of the superior court.

1. Was judgment properly entered against the garnishee? Section 544 of the Code of Civil Procedure provides as follows: "All persons having in their possession . . . . any credits or other personal property belonging to the defendant, or owing any debts to the defendant at the time of service upon them of a copy of the writ and notice, as provided in the last two sections, shall be, unless such property be delivered up or transferred, or such debts be paid to the sheriff, liable to the plaintiff for the amount of such credits, property, or debts until the attachment be discharged, or any judgment recovered by him be satisfied." Section 545 of the Code of Civil Procedure provides that the persons referred to in section 544 "may be required to attend before the court or judge, . . . . and be examined on oath respecting the same. . . . . The court or judge may, after such examination, order personal property capable of delivery to be delivered to the sheriff on such terms as may be just, having reference to any liens thereon or claims against the same, and a memorandum to be given of all other personal

property containing the amount and description thereof." Section 546 of the Code of Civil Procedure requires the sheriff to make a full inventory of the property attached and return the same with the writ; and to enable him to make such return as to debts and credits attached, he is required to demand of the person owing the debt or having the credit a memorandum stating the amount and description of each, and, in case of refusal to make the statement, the sheriff must return the fact of refusal with the writ, and the party refusing may be required to pay the costs of any proceedings taken for the purpose of obtaining information respecting the amount and description of such debt or credit.

The contention of appellant is that where the garnishee refuses to answer, or answers equivocally, or does not state the amount of the indebtedness, or answers that he holds property or credits of the defendant without giving the amount or description, he may be cited under section 545 and be compelled to answer more specifically; or the plaintiff may bring an original action under section 544 and thus establish the indebtedness. But it is contended that, where the sheriff's return shows that the garnishee has admitted the indebtedness, it is the duty of the court to enter judgment against the garnishee without further proceedings. It is urged that to put the plaintiff to a separate action or to cite the garnishee before the court would be a useless ceremony, for in either case the result would but disclose what the sheriff's return had already shown, to wit, that the garnishee was indebted in a certain sum, and judgment would follow precisely as if entered on the return of the sheriff. There is a certain plausibility in this view of the matter, but it proceeds on the unwarranted assumption that the sheriff's return is conclusive against the garnishee, and having admitted to the sheriff an indebtedness, evidence of which rests wholly upon the return, the garnishee is deemed to have had his day in court and cannot complain; it also erroneously assumes that the service of the writ on the garnishee makes him a party to the action. It is easily conceivable that the garnishee may admit an indebtedness to the defendant and at the same time may have a defense. It may be true also, as alleged here, that the return is false or the sheriff may have misunderstood the

statement. The garnishee is not forever concluded by failing to make full disclosure of his relations with the defendant. The statute makes him liable to the plaintiff from the time he is served with the statutory notice, whether he makes a statement to the sheriff or fails to do so. If he admits a certain indebtedness, the liability is not fixed upon him any more firmly than where he refuses to make any statement. The garnishee could have been required to attend before the court for examination, and the court thereafter could have ordered any property in the garnishee's hands, capable of delivery, turned over to the sheriff (Code Civ. Proc., sec. 545); but this course was not pursued. An action could have been brought against the garnishee (Code Civ. Proc., sec. 544); but this was not done. Section 546 gives the plaintiff in the original action no right to a judgment whether the garnishee gives or refuses the sheriff a memorandum of debts or credits; it merely provides that in case of refusal he may be required to pay the costs of any proceedings taken to obtain information respecting the amounts and description of such debt or credit. There is nothing in this section warranting judgment against the garnishee upon the return of the sheriff and without any appearance of the garnishee in the action. A judgment is the final determination of the rights of the parties to an action or proceeding. (Code Civ. Proc., sec. 577.) We are unable to perceive how a judgment could be entered against the garnishee in this case, where the court never obtained jurisdiction over it by process of any kind and never made it a party to the action in any form whatever. Service of a writ of attachment on it as garnishee was not the commencement of an action against it (*Wooding v. Puget Sound Nat. Bank*, 40 Pac. Rep. 223); and until the garnishee was brought before the court by some appropriate proceeding, no valid judgment could be entered against it. The invalidity of the judgment appears on the face of the proceedings, for the docket of the justice and the judgment fails to show that the garnishee was brought into court by any process. No presumptions attend the judgment in a justice's court that would give jurisdiction. The judgment was void on its face.

We find nothing in the cases relied upon by appellants to support their contention. They are *Johnson v. Carry*, 2 Cal.

34, *Smith v. Brown*, 5 Cal. 118, *Brummagim v. Boucher*, 6 Cal. 17, and *Roberts v. Landecker*, 9 Cal. 262, which latter was an action by the plaintiffs in the attachment suit against the debtor of their debtor or garnishee. In an instructive opinion it was pointed out that while the attachment law gave a new right without furnishing a practical remedy, it was held that the direct action was proper. In the case it appeared that the garnishee had disposed of the property after service of the writ on him, and the court held that the plaintiff could waive his lien and bring suit for its value against the garnishee. The opinion also pointed out the distinction between the remedy furnished by the law governing attachments and the law in proceedings supplementary to execution. On this point, also, see the more recent case of *Carter v. Los Angeles Nat. Bank*, 116 Cal. 370. In all these cases the garnishee had his day in court after citation under the statute, or by direct action, as in *Roberts v. Landecker, supra*. *Bronzan v. Drobaz*, 93 Cal. 647, is also relied upon by appellant, but that was a proceeding supplementary to execution under section 717 of the Code of Civil Procedure, followed by a direct action to recover from Drobaz (garnishee) the amount found due upon the hearing.

We have been unable to discover any case, and none is cited, where a judgment against the garnishee was given, in a case like the one here, unless it was in pursuance of some proceeding by which he was required to appear for examination or to show cause, or by an ordinary action. We can see no difference where the garnishee in an attachment suit admits to the sheriff that he has property of the debtor in his possession, or admits that he is indebted to him in an amount certain. In either case the court acquires no jurisdiction to enter judgment against him except by the proceedings pointed out in the statute or by direct action, and opportunity is thus given him to be heard.

2. The remaining question involves the right of plaintiff to the equitable relief sought. There was no demurrer to the complaint and its sufficiency is not controverted, nor does plaintiff suggest that the findings are insufficient to support the judgment except that they do not warrant this equitable form of relief. There is an averment in the complaint that the return was false and that respondent had no knowledge of such return

until May 10, 1894, which was forty days after the judgment was rendered.

In *Wood v. Currey*, 49 Cal. 359, the action was to enjoin the judgment, which the complaint alleged had been paid. There was no demurrer, and defendant answered to the merits. The facts were found by a referee and judgment entered thereon. After the plaintiff had rested the defendant moved for a nonsuit because the complaint did not state a cause of action in equity in this, that it showed that the plaintiff could have obtained relief at law, by a motion in the action to have the execution recalled. The referee denied the motion and defendant appealed. The court said: "The objection that the remedy of the plaintiff was by motion in the original cause, and not by bill in equity, even if well founded in practice (a question upon which we express no opinion), will not be considered. The defendant made no motion in the court below to dismiss the bill, on that or any other ground, but answered to the merits. The cause was then referred, by consent of parties, to a referee, who was authorized to hear the evidence and report a judgment to the court. Under these circumstances the objection upon the point of procedure, made for the first time before the referee, came too late." (See, also, *Bibend v. Kreutz*, 20 Cal. 110; *Thompson v. Laughlin*, 91 Cal. 313.) The complaint in the present action gave the equity court jurisdiction, and the cause having been tried without objection to the method of procedure, we think it is too late to raise the question here for the first time.

We advise that the judgment and order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.