Roberts v. Landecker.

ROBERTS & CO. v. LANDECKER.

It is well settled that the proceedings by attachment are statutory and special, and must be strictly pursued, and when a party relies upon his attachment-lien as a remedy, he must strictly follow the provisions of the Attachment Law.

The provisions of the one hundred and twenty-eighth section were intended for the security of the plaintiff, and not to confer a privilege upon the garnishee, and the plaintiff may or may not, at his election, require the garnishee to appear and answer on oath, and his liability will not be affected by the failure of the plaintiff to take such a step.

A plaintiff who has sued out an attachment and given the necessary notice to a garnishee that the property in his hands is attached, and subsequently the garnishee fraudulently disposes of the property, has a right to waive his lien on the property, and bring suit for the value of the property, against the garnishee.

If a statute gives a particular remedy in conferring a new right, then the particular remedy must be pursued; but under the Attachment Law a new right is created, but no practicable remedy is prescribed.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

The facts of this case appear in the opinion of the Court.

*Henry Meredith and J. R. McConnell* for Appellant.

Upon this appeal, as in the argument of the demurrer, all the averments of complaint must be taken as true. The fraudulent concealment and possession of the goods of Hertzinger, defendant in the former suits of plaintiffs, at the time of garnishment, and the subsequent fraudulent sale by Landecker and conversion of proceeds to his own use, constitute a sufficient foundation for complaint on the part of plaintiffs, If anything was wanting under the general law of the land to make out a legal and equitable claim in favor of plaintiffs against Landecker, the statute supplied the defect by declaring under the circumstances a distinct liability. Practice Act, § 127.

To have called up Landecker and subjected him to the examination, under oath, before the Court, with the hope of eliciting an answer on which judgment could have been rendered against him for the value of the goods fraudulently disposed of, would have been a vain and senseless endeavor.

Such is the practice in ordinary cases of garnishment, where there is no ingredient of fraud ; and such practice is not specially prescribed by the sections of the act which appertain to attachments, but is drawn by analogy from those provisions concerning proceedings supplementary to execution. It is a safe and convenient practice where the plaintiff in attachment is not baffled and defeated by the frauds of the garnishee. To drive a plaintiff, however, to such a proceeding, and confine him for his remedy to such, where the acts of the garnishee are fraudulent

and villainous, is to oblige a vain thing, and require a mock pursuit of an asserted right.  *Lex non cogit ad vana.*

The liability of defendant, under the circumstances of the case as averred by plaintiffs, being created or declared by statute, (Prac. Act, § 127,) if it did not exist before, the general law would furnish a remedy.  *Ubi jus ribi remedium* is a maxim of our law, and although the circumstances giving rise to the right and correlative obligation are new and without a precedent, this principle of law affords a form of action and remedy.  Broom's Legal Maxims, 146–7–8, etc.

Where the statute giving the right is silent as to the remedy, or describes one wholly inadequate to meet the peculiar circumstances of the case, the common law remedies and forms may be adopted.  1 Chitty Plead., 143, et seq.

In cases of garnishment arising under procceedings supplementary to execution, (§§ 241–2 of Prac. Act,) the statute authorizes a given mode of proceedure, but those sections of the law which, under the arrangement adopted of its different parts, concerning garnishments under the writ of attachment (§§ 126, '7, '8, etc.,) prescribes no method or no adequate means whereby a plaintiff's rights against a fraudulent garnishee may be enforced.  Under this silence of the statute, we must resort to the analogies of the common law.

*Buckner, Hill & Stewart,* for Respondent.

The first point involved herein is, are attachments remedies given by statute?  For the principle is well established that when a statute gives a right and remedy, the statute remedy must be followed.  See 1 Chitty's Plead., 112 and 143; 3 Mass. R., 307; 5 Ib., 514.

Our own Supreme Court has decided a number of times that attachments are the creation of statutes, and must be strictly pursued.  2 Cal. R., 17; Thornburg *v.* Han d, 7 Cal. R., 554; Hackett et al. *v.* Adams & Co., 7 Cal. R., 187; 2 Tucker's Com., 242.

The statute provides a remedy to fix the liability of the garnishee, and that remedy must be strictly followed.

By §§ 127 and 128 of the Practice Act, this liability is granted and the mode of fixing defined, viz.: by requiring attendance before referee, Court, or Judge.

The liability of garnishee is not fully determined, nor has plaintiff any cause of action against him until his answer is received.

The proceeding, by attachment, is a mere auxiliary remedy, designed to aid plaintiff in the collection of his demand by execution.

The levy of the writ of attachment, does not change the title of the property levied upon, but only acts as a mortgage or lien

thereon, and holds the same as security for any judgment that may be rendered; and our statute contemplates this idea in requiring that execution shall be levied, first upon the property attached, and attached property be sold for satisfaction of judgment. § 132, Prac. Act.

By § 120, Practice Act, it is expressly declared that the property may be attached as security.

The attachment only acts as security until the rendition of judgment, and levy of execution, and it is under the execution that proceedings must be taken to render garnishee liable. §§ 241, 242, Prac. Act.

There is no averment in this complaint that the attached property was ever levied upon, or sought after under execution, or demand ever made therefor by the proper officer; nor is there any averment of defendants being called upon to answer under either attachment or execution.

The complaint shows that execution was issued and returned, but it does not show that defendant was ever summoned to answer, or did answer as to liability under oath, or exhibit his claim.

Where an adverse interest is claimed by the person alleged to have property of the judgment-debtor or indebted to him, the Court or Judge may, by order, authorize an action to be brought against such claimant. § 244.

There is no averment in this complaint that such an order was ever made or granted, though adverse interest is shown as being claimed.

The statute requires that when debts and credits are attached, officers shall request a memorandum, stating amount and description of each; and if garnishee refuses to give such memorandum, return refusal on the writ. § 129, Prac. Act.

Here, then, is no averment of such demand or refusal, nor even of the return of the writ.

The principle of the law is well settled and established, that the plaintiff, in attachment, does not acquire any property in the attached property, until after sale, on execution, upon judgment rendered in the action. Drake on Attachment, § 219; Austin *v.* Wade, 2 Pennington, 997; Blake *v.* Shaw, 7 Mass., 505.

The averments in the complaint show that plaintiffs claim this property, or the value thereof, solely on the ground of having garnisheed defendant therefor, and no other ground whatever.

If, therefore, plaintiffs have no such property in the goods, etc., under attachment, as to enable them to maintain an action therefore, can an action be maintained to recover the value therefor on alleged conversion.

This action is in the nature of trover, and to sustain it, plaintiff must aver and show the actual possession or the right to the

immediate possession of the property.   1 Chitty Pleadings, 152; 2 Tucker's Com., 86, *et seq.*

Here there is no averment as to possession or right of possession.

In all proceedings under attachment, the garnishee is entitled to have his answer taken, and such answer and the facts therein stated are to be taken as true, unless controverted by plaintiffs. Drake on Att., 669, *et seq.*

This controversion and answer raises the issue which must be tried before liability can be ascertained or fixed.   3 Cal., 253 ; Wilhelm *v.* Riley, 5 S. & R., 137.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The plaintiffs brought two suits by attachment against John Hertzinger, and served copies of the writs upon the defendant Landecker, with a notice that all debts owing by him to Hertzinger, and all other personal property in his possession, or under his control, belonging to the defendant in the attachment-suits, were attached in pursuance of said writs.   The plaintiffs pursued these suits against Hertzinger to judgments, upon which executions were issued, and returned no property found.   The plaintiffs then brought this suit against Landecker, and alleged in their complaint that at the time of the garnishment the defendant had in his possession goods of Hertzinger, of the value of five thousand dollars, which goods he afterwards fraudulently disposed of, and converted the proceeds to his own use.   To this complaint the defendant demurred, the demurrer was sustained, and the plaintiffs appealed.

The facts stated in the complaint being taken as true, the only question is whether they can constitute a cause of action in this form.   The defendant was not brought before the Court or Judge under the provisions of the 128th section of the Code; and his counsel take the ground that no suit can be brought against him until he is examined, under oath, respecting the alleged property of the defendant in the two attachment-suits; and that after such examination, had such been had, the plaintiffs could only proceed under sections 241–2–3–4 of the Code, in reference to proceedings supplementary to the execution.

It is well settled that proceedings by attachment are statutory and special, and must be strictly pursued.   So far, then, as the Attachment Law affords the plaintiffs a remedy, they were bound to pursue it.   Having once invoked the stringent provisions in reference to attachments, the plaintiffs could not resort to other remedies to the prejudice of defendant, so long as they relied upon their attachment-lien.

But, while the provisions of the code in reference to this rem-

edy must be strictly construed and followed, they should be fairly interpreted, so as to give them a consistent and efficient operation in proper cases.

The 127th section makes the garnishee liable to the plaintiff in the attachment-suit for the amount of such property, unless the same be delivered up or transferred to the sheriff. Under the provisions of this section, the garnishee may protect himself from all further liability by delivering the property to the sheriff. This is a right which may be voluntarily exercised by the garnishee. If he delivers to the sheriff any property, he cannot be made further responsible for the property delivered. But the provisions of the 128th section were intended for the security of the plaintiff, who may cause the garnishee to appear and answer under oath; and the Court or Judge may require the delivery of the property to the sheriff. The plaintiff may not be willing to trust to the personal responsibility of the garnishee, pending the attachment proceedings, and may have the best reasons for demanding the delivery of the property to the sheriff. We cannot see, however, that this section was intended to confer a privilege upon the garnishee. The privilege of examination on oath is for the security of the plaintiff and not of the garnishee. If the statement of the garnishee constituted the measure and limit of his liability, then he would have the right to insist upon it, as a condition precedent to any suit against him.

If these views be correct, it follows that the plaintiff may or may not, at his election, require the garnishee to appear and answer on oath; and that the liability of the garnishee will not be affected by the failure of the plaintiff to take such a step. If he is willing to rely upon the responsibility of the garnishee and upon other testimony to prove the facts as to the property, he has the right to do so, without releasing the garnishee.

The liability of Landecker for the value of the property under his control could not have been destroyed by the failure of the plaintiffs to examine him on oath: the question arises, how is that liability to be enforced? The counsel of the defendant insist that it can only be done under the provisions of the Code in reference to proceedings supplementary to the execution. The 241st section provides that after the issuing or return of an execution, any person owing the defendant in the execution, or having property of his in possession, may be compelled, by order, to appear before the Judge or referee, and answer concerning the same. If the person claim the property, the Court or Judge may authorize the plaintiff in the execution to bring a suit against the claimant. (§ 244.)

There is nothing in the chapter concerning attachments that refers to these sections, and nothing in the proceedings supplementary to the execution that properly applies to the peculiar circumstances of this case. The liability of the defendant com-

menced when the writs were served, and the measure of his responsibility depends upon the amount of property belonging to Hertzinger, and then in his possession, or under his control. The plaintiffs, under the state of the case made by the complaint, are not seeking to enforce their lien upon the property itself, as that cannot be reached, having been disposed of to others. They are not asking a discovery of the property and the subjection of it to their debt under a sheriff's sale.   They sue upon a statutory liability for the value of the property.

The proceedings supplementary to the execution have another object in view.   They seek to subject the property itself to sale under execution, or the debt to collection.   Under the provisions of the two hundred and forty-first section, the plaintiff must satisfy the Judge, by affidavit or otherwise, that the person has property of the execution-debtor or is indebted to him.   The plaintiffs in this case could not make affidavit, at the time they issued their execution, that the garnishee then had property in his hands belonging to the execution-debtor; because before that time the property had been disposed of to others.   Nor could they state that Landecker was then indebted to Hertzinger, for the reason that Landecker's liability, under section one hundred and twenty-seven, was direct to the plaintiffs.   The chapter relating to the writ of attachment provided no specific remedy; and the remedy by proceedings supplementary could not reach the peculiar state of the case.

If it be true, as alleged, that defendant fraudulently disposed of the goods, the plaintiffs could have no object in his examination on oath.   They did not want his testimony, and could not expect to obtain any admission against him.   The liability of defendant being direct to plaintiffs for the value of the goods, the defendant had no right to give his testimony, unless required by the plaintiffs.   The law did not require the plaintiffs to do an idle thing.

If a statute give a particular remedy in conferring a new right, then the particular remedy must be pursued.   (1 Ch. Plea., 142.) But, in this case, a new right was created, but no practicable remedy prescribed.   This being so, a suit in the form adopted by the plaintiffs is the most direct and concise.   Under it the defendant can have ample opportunity to make his defence.   If the facts turn out upon the trial to be true, as alleged, then he should be liable to plaintiffs for the value of the property.

Judgment reversed, and cause remanded for further proceedings.