[No. 14495. Department Two.—August 11, 1893.]

JULIE HERRLICH ET AL., RESPONDENTS, *v.* C. H. KAUFMANN ET AL., DEFENDANTS; C. H. KAUFMANN, APPELLANT.

EXECUTION—GARNISHMENT—ASSUMPSIT—CREDITORS' BILL—PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—A judgment creditor having an execution does not by serving a notice of garnishment upon a person indebted to the judgment debtor acquire a cause of action in assumpsit against the garnishee, with whom he has no common-law privity or contract relation, neither can he maintain a creditors' bill in equity against such garnishee to reach the indebtedness. His only proper remedy is by proceedings supplementary to execution, which are in this state a substitute for a creditors' bill, except in cases where the statutory proceedings would not afford adequate relief.

ID.—CREDITORS' BILL—REMEDY AT LAW—RETURN OF EXECUTION UNSATISFIED.—Before equity can be invoked in a creditors' bill, it must be shown that the remedies at law are unavailing, and the bill must aver that an execution has been returned unsatisfied.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop,* for Appellant.

The complaint does not state facts sufficient to constitute a cause of action. The code provides the mode of procedure necessary to fix the liability of a garnishee on execution, and this mode has not been followed. (Code Civ. Proc., secs. 717-721.) The code having established the mode of procedure, it should be strictly followed in order to entitle the person claiming the right to avail himself of the remedy. (1 Chitty on Pleading, 143; *Gedney* v. *Tewksbury,* 3 Mass. 307; *Smith* v. *Drew,* 5 Mass. 515; *Smith* v. *Woodman,* 28 N. H. 520; *Roberts* v. *Landecker,* 9 Cal. 267; *Hathaway* v. *Brady,* 26 Cal. 581; *Bryant* v. *Bank of California,* 7 Pac. Rep. 128.) Wherever proceedings supplementary to execution have been adopted the remedy provided by them, when adequate, has been deemed exclusive, and must be pursued. (*Adams* v. *Hackett,* 7 Cal. 187; *McCullough* v. *Clark,* 41 Cal. 298; *Pacific Bank* v. *Robinson,* 57 Cal. 520; 40 Am. Rep. 120 ; *Bryant* v. *Bank of California,* 7 Pac. Rep. 128; *Habenicht* v. *Lissak,* 78 Cal. 357; 12 Am. St. Rep. 63; *High* v. *Bank of Commerce,* 95 Cal. 386 ; 29 Am. St.

Rep. 121; *Graham* v. *La Crosse etc. R. R. Co.*, 10 Wis. 459; *Smith* v. *Weeks*, 60 Wis. 94; *Mason* v. *Weston*, 29 Ind. 561; *Hexter* v. *Clifford*, 5 Colo. 168; note to *Lathrop* v. *Clapp*, 100 Am. Dec. 500–515; *Taylor* v. *Persse*, 15 How. Pr. 417; *Quick* v. *Keeler*, 2 Sand. 231; *Dunham* v. *Nicholson*, 2 Sand. 636.) But, even though it be conceded that the proceeding by complaint in the nature of a creditors' bill is permissible in this state, still the complaint in this case is insufficient as a creditors' bill, as it fails to allege that an execution on the judgment has been returned unsatisfied in whole or in part. (2 Van Santvoord's Equity Practice, 128 et seq.; Wait on Creditors' Bills, sec. 68; Freeman on Executions, sec. 428; Maxwell on Code Pleading [1892], pp. 164, 165; *McKenzie* v. *Dickinson*, 43 Cal. 119; *Pacific Bank* v. *Robinson*, 57 Cal. 522; 40 Am. Rep. 120; *Mesmer* v. *Jenkins*, 61 Cal. 151; *Beck* v. *Burdett*, 1 Paige, 305; 19 Am. Dec. 436; *McElwain* v. *Willis*, 3 Paige, 507; *Dunlevy* v. *Tallmadge*, 32 N. Y. 457; *Renaud* v. *O'Brien*, 35 N. Y. 99.)

*Charles F. Hanlon*, for Respondents.

Supplementary proceedings are merely a privilege to the judgment creditor, and not a necessity, and the action was properly brought without first taking advantage of such proceedings. (*Roberts* v. *Landecker*, 9 Cal. 266; *Bryant* v. *Bank of California*, 8 West Coast Rep. 213; *Robinson* v. *Tevis*, 38 Cal. 614.) The complaint states a good cause of action. (Code Civ. Proc., secs. 542–544. See *Wright* v. *Levy*, 12 Cal. 262; *Dore* v. *Dougherty*, 72 Cal. 232; 1 Am. St. Rep. 48; *Collins* v. *Angell*, 72 Cal. 513; *Ege* v. *Koontz*, 3 Pa. St. 109; *Ryan* v. *Burkam*, 42 Ind. 507; *People* v. *Cameron*, 7 Ill. 471; *Hannahs* v. *Felt*, 15 Iowa, 143; Drake on Attachment, 218, 221, 226, 233; *Goore* v. *McDaniel*, 1 McCord, 480; *Peck* v. *Webber*, 7 How. [Miss.] 658; *Smith* v. *Bradstreet*, 16 Pick. 264; *Lyon* v. *Sandford*, 5 Conn. 544.)

McFARLAND, J. — John McKenzie was a stock broker, and on December 3, 1886, made an assignment for the benefit of his creditors to the defendant, C. H. Kaufmann, pursuant to the provisions of the Civil Code on the subject. Prior and down to the assignment McKenzie had been doing a stock business with one Margaret McDonald, and owed her, or some one for whom

she was acting, several thousand dollars.   Julie Herrlich, the
plaintiff in the case at bar, recovered a judgment (the date of
which is in dispute) against said McDonald for $6,210.86; and
on December 31, 1886, she had an execution issued upon said
judgment, and under said execution a notice of garnishment
was served on the defendant Kaufmann, notifying him that all
moneys in his hands due Mrs. McDonald were levied upon and
attached.   There was another execution and notice of garnish-
ment of a similar character in December, 1887, and another in
January, 1889.   Thereafter, in February, 1889, this present
action was commenced by said Julie Herrlich to recover from
Kaufmann the amount alleged to be due to said Margaret Mc-
Donald on account of her dealings with McKenzie.   Other
parties were made defendants; and John F. Hanlon was made
a plaintiff upon the allegation that he owned a fractional part
of the judgment in the case of *Herrlich* v. *McDonald.*   The
court found that there was due to Mrs. McDonald upon her
said stock business with McKenzie the sum of $5,769.52, and
judgment was rendered against Kaufmann for that amount, the
judgment being "that the plaintiffs have and receive of and
from the defendant, C. H. Kaufmann, the sum of $5,769.52,
and that execution issue therefor."   Kaufmann appeals from
the judgment and from an order denying him a new trial.

Appellant contends that the complaint does not state facts
sufficient to constitute a cause of action.   He also makes a num-
ber of other points, as, for instance, that Kaufmann being an
assignee under the code, the money was *in custodia legis*, and
not subject to levy; that Mrs. McDonald could not have main-
tained this action, and, therefore, as plaintiffs can have no greater
right by virtue of the garnishment than their judgment debtor
had, they cannot maintain it; that the court erred in refusing
to make certain assignees of Mrs. McDonald defendants; that
as the notice of garnishment was served December 31, 1886, the
cause of action founded on it was barred before the action was
commenced; that the judgment in *Herrlich* v. *McDonald* was
rendered in November, 1881, and was itself outlawed; and that
various fatal errors were committed in rulings upon the admis-
sibility of evidence; but these and other points made by appel-
lant we do not deem it necessary to discuss, because, in our

opinion, the complaint does not state a cause of action. (It also appears that before the notice of garnishment, McDonald had made an assignment [claimed by respondent to be fraudulent] of her debt from McKenzie to one Scott, and notified Kaufmann thereof; that Scott assigned to one Potter, and Potter, in turn, to one Davis; that one Knowlton, before said garnishment, commenced an action against McKenzie, Kaufmann and others, praying that the various sums due the several creditors of McKenzie in Kaufmann's hands be ascertained; that the plaintiff herein intervened in said action, but afterwards withdrew her intervention, and that judgment was rendered therein that said Davis was entitled to the moneys sued for by plaintiffs in the case at bar. There are other complications, also, not necessary to be here mentioned.)

The complaint goes upon the theory that the plaintiff herein, Herrlich, having a money judgment against Mrs. McDonald, and having upon an execution thereon served Kaufmann with a notice of garnishment, thereby acquired as direct a cause of action against the latter as in any case where *indebitatis assumpsit* would lie. But this is not the law. There is, at common law, no privity between a judgment creditor and his debtor's debtor; there is no contract relation between them, and no relation of any kind which, of itself, gives the former a direct cause of action at law against the latter.

Formerly assets of a judgment debtor which could not be effectively seized by the sheriff under an execution, such as a debt owing to the defendant, could be reached, upon a proper showing, through a court of equity by means of a creditors' bill, or suit, but in this state, and in most of the other states, a legal remedy is afforded by statutes providing for proceedings supplementary to execution, and the general rule is that when there are such statutory proceedings they must be pursued.

The Code of Civil Procedure of this state, from section 716 to section 721, specifically provides how a judgment creditor may proceed against a debtor of his judgment debtor. Those sections provide (in brief) that after the issuing of an execution, upon a showing by affidavit or otherwise that a person is indebted to the judgment debtor in an amount exceeding $50, the judge may order such person to appear and answer concern-

ing such alleged indebtedness; if he admits the indebtedness he may be ordered to apply the amount thereof to the satisfaction of the judgment; if he denies any indebtedness, and the denial seems after a hearing to be *bona fide,* the court or judge may authorize the judgment creditor to institute a suit against such person to recover such alleged debt.   Now in the case at bar the plaintiffs entirely ignored these statutory provisions; and without procuring an order for appellant to appear and answer, and without any order authorizing them to commence an action against appellant, brought this suit upon the theory of a direct liability of appellant to them, as hereinbefore stated.

It has been several times held by this court that the statutory proceedings about proceedings supplementary to execution are a substitute for a creditors' bill.   In *Adams* v. *Hackett,* 7 Cal. 201, the court say: "In reference to the chapter prescribing the mode of proceedings supplementary to execution, it seems clear that those provisions were intended as a substitute for what was called 'a creditors' bill.'   This is so stated by the practice commissioners in their original note to this chapter in the New York Code.   The design was, in the language of those commissioners, 'to furnish a cheaper and easier method.' The different sections of this chapter when taken together form a consistent and harmonious whole; and when fairly and liberally carried out, afford a cheaper and easier method than the former one by creditors' bill."

In *Pacific Bank* v. *Robinson,* 57 Cal. 522; 40 Am. Rep. 120, the court say: "Proceedings under sections 714 to 721 and section 574 of the Code of Civil Procedure were intended as a substitute for the creditors' bill as formerly used in chancery. (*Adams* v. *Hackett,* 7 Cal. 201; *Lynch* v. *Johnson,* 48 N. Y. 33.)   So that any property which was reached by a creditors' bill may now be reached by the process of proceedings supplementary to execution."   In *Habenicht* v. *Lissak,* 78 Cal. 357; 12 Am. St. Rep. 63, the court say: "In *Pacific Bank* v. *Robinson,* 57 Cal. 520; 40 Am. Rep. 120, it was held that the proceedings supplementary to execution are intended to take the place of the creditors' bill." (See also *McCullough* v. *Clark,* 41 Cal. 302; *High* v. *Bank of Commerce,* 95 Cal. 386; 29 Am. St. Rep. 121; also *Graham* v. *La Crosse etc. R. R. Co.,*

10 Wis. 459; *Hexter* v. *Clifford*, 5 Colo. 168; and cases cited in note to *Lathrop* v. *Clapp*, 100 Am. Dec. 501, in support of the statement therein made that "in nearly all of the states these proceedings supplemental to execution are regarded as a substitute for the creditors' bill of the chancery practice.") It is not necessary, however, to go to the length of saying that a creditors' bill could not be sustained here under any circumstances; for there might, perhaps, be cases in which the statutory proceedings would not afford adequate relief; but they must be pursued, unless in those exceptional cases in which it appears that equity must be invoked because legal remedies are unavailing. The law is correctly stated in Freeman on Executions, section 394, where the author says that proceedings supplementary to execution "supplant proceedings in equity, unless some special ground exists upon which to invoke the power of chancery." And in the case at bar there was no such ground. "A code of procedure is usually understood as presenting remedies which are exclusive in their nature, and which, when applicable to the relief sought, exclude or supplant all other modes of redress." (Freeman on Executions, sec. 394.) And there is no need here of inquiring how strictly the statutory provisions must be followed, because in the case at bar there is no pretense that they were followed at all. The case of *Roberts* v. *Landecker*, 9 Cal. 262, cited by appellant, is not in point. In that case Landecker had been garnished on a writ of attachment, and it was averred that at the time of notice of garnishment he had in his possession goods of the defendant, which he afterwards fraudulently disposed of and converted to his own use. The Practice Act made the garnishee on attachment "liable to the plaintiff" for the property in his hands at date of garnishment, and the court construed this to mean a statutory liability upon which a direct action could be brought, and held that proceedings supplementary to execution did not apply to it; but there is no such provision respecting a garnishment upon execution, and the court makes the distinction. Speaking of the sections relating to proceedings supplementary to execution, the court in that case say: "There is nothing in the chapter concerning attachments that refers to these sections, and nothing in the proceedings supplementary to the execution

that properly applies to the peculiar circumstances of this case. . . . . They (the plaintiffs) sue upon a statutory liability for the value of the property. The proceedings supplementary to execution have another object in view. They seek to subject the property itself to sale under execution, or the debt to collection." The provisions of the statute at that time were the same as those now embraced in the code.

But if it should be conceded that in a case like the one at bar the statutory provisions could be ignored and relief sought in a court of equity by means of a creditors' bill, still the complaint here is entirely insufficient. Before equity can be invoked in such a case it must be shown that remedies at law have been exhausted, or would be unavailing; and with certain exceptions, of which the case at bar is not one, a necessary averment in a creditors' bill is that an execution has been returned unsatisfied. (*Pacific Bank* v. *Robinson*, 57 Cal. 522; 40 Am. Rep. 120; *Mesmer* v. *Jenkins*, 61 Cal. 153; *Harris* v. *Taylor*, 15 Cal. 349.) "When a judgment creditor desires to bring a creditors' bill for the purpose of reaching assets which are not subject to execution at law, he must generally take out execution upon his judgment, place it in the sheriff's hands, and wait till that officer makes a return thereon showing that he can find no property subject thereto. By this means he completely exhausts his legal remedies and shows that they are unavailing. Then and not before he may successfully invoke the aid of equity to reach equitable assets." (Freeman on Executions, sec. 428 and notes.) "It is a necessary result from the whole theory of the creditors' suits that jurisdiction in equity will not be entertained where there is a remedy at law." (Pomeroy's Equity Jurisprudence, sec. 1415 and notes.)

Now in the complaint in the case at bar there is not only a failure to aver the return of an execution *nulla bona* or at all, but there is an affirmative averment that the judgment debtor, Mrs. McDonald, has always been "fully able to pay the whole of said judgment and execution, and has and always has had ample moneys and properties to make said payment."

The judgment and order appealed from are reversed and the cause remanded.

FITZGERALD, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.