[L. A. No. 179.    Department Two.—March 30, 1897.]

F. A. CARTER, RESPONDENT, *v.* LOS ANGELES NATIONAL BANK, DEFENDANT. WILLIAM DEERING & CO., INTERVENORS AND APPELLANTS.

ATTACHMENT — GARNISHMENT — ACTION BY JUDGMENT CREDITOR AGAINST GARNISHEE.—After execution unsatisfied against the judgment debtor, the judgment creditor may bring an action at law against a garnishee upon whom notice was served under an attachment issued in the action before judgment; and it is not necessary before bringing such action that the garnishee should be required to appear and answer, or that an order should be obtained authorizing the action against the garnishee; and no equitable circumstance need be shown to justify the suit,

which is upon a direct liability of the garnishee to the plaintiff in that suit provided for in section 544 of the Code of Civil Procedure.

ID.—STATUTE OF LIMITATIONS—DEFENSES OF GARNISHEE AND INTERVENOR. No statute of limitations applies to the liability created by the garnishment; though the garnishee may plead any defense which he may have against his creditor, or that the debt of that attaching creditor has been satisfied, or that he has failed to recover judgment, or that the judgment has been reversed, or has been barred; and any other claimant of the fund in the hands of the garnishee may intervene and plead the latter defenses against the attaching creditor, but neither the intervenor nor the garnishee can plead the statute of limitations to the liability arising distinctively out of the garnishment.

APPEAL from a judgment of the Superior Court of Los Angeles County.   LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*Carver & Preston,* for Appellants.

*H. A. Barclay,* for Respondent.

TEMPLE, J.—Plaintiff brought suit against the Richardson-Kimball Company, garnisheed the defendant, on attachment, and afterward recovered judgment against the Richardson-Kimball Company.   An execution was issued against the Richardson-Kimball Company upon which plaintiff realized a portion of his debt, but left seven hundred and seventy-seven dollars and thirty-five cents still due and unpaid.

At the time the notice of garnishment was served the defendant had in its possession certain notes due the Richardson-Kimball Company, which it held as collateral.   Subsequent to the attachment, but prior to the bringing of this suit, defendant had collected upon the securities which it so held enough to satisfy its demand against the Richardson-Kimball Company, and thirteen hundred and fifty-six dollars and twenty-two cents over and above its demand.   Defendant answered, admitting such facts, and stating that other parties were asserting claims to the money in its hands, and asking that they be brought in, and that the court determine to whom the money should be paid.   There-

after, the appellant intervened. The court held that plaintiff was entitled to the money. The appeal is from the judgment, without a bill of exceptions.

The sole point made on this appeal is that the complaint fails to state a cause of action: 1. Because the action is based upon a garnishment under section 544 of the Code of Civil Procedure, without procuring an order requiring defendant—the garnishee—to appear and answer, and without any order authorizing an action against the garnishee under section 720 of the Code of Civil Procedure; and 2. Defendant's liability under the garnishment is barred by the statute of limitations.

The first point cannot be sustained. The proceeding supplementary to execution is in the nature of an action in which definite relief may be had. In most states express provision is made for a trial and a judgment which shall conclude the rights of all parties, as in proceedings upon a creditor's bill.

Nothing of that kind is provided for under the proceedings on attachment in this state. On the contrary, section 544 provides that the garnishee shall be directly liable to the attaching creditor "for the amount of such credits, property, or debts, until the attachment is discharged or any judgment recovered by him be satisfied."

This question was decided in *Roberts* v. *Landecker*, 9 Cal. 262. In all material respects the practice act was identical with the code.

In that case it was averred that the garnishee had property belonging to the debtor at the time of the garnishment, but had fraudulently disposed of the same. A demurrer to the complaint was interposed upon the same ground as here, and the court, after stating the theory of the statute, said: "There is nothing in the chapter concerning attachments · that refers to these sections, and nothing in the proceedings supplementary to the execution that properly applies to the peculiar circumstances of this case. The liability of the defendant commenced when the writs were served, and the

measure of his responsibility depends upon the amount of property belonging to Hertzinger, and then in his possession and under his control. The plaintiffs, under the state of the case made by the complaint, are not seeking to enforce their lien upon the property itself, as that cannot be reached, having been disposed of to others. They are not seeking a discovery of the property and the subjection of it to their debt under a sheriff's sale.

"The proceedings supplementary to the execution have another object in view. They seek to subject the property itself to sale under execution, or the debt to collection. Under the provisions of the two hundred and forty-first section, the plaintiff must satisfy the judge, by affidavit or otherwise, that the person has property of the execution debtor or is indebted to him. The plaintiffs in this case could not make affidavit, at the time they issued their execution, that the garnishee then had property in his hands belonging to the execution debtor; because before that time the property had been disposed of to others. Nor could they state that Landecker was then indebted to Hertzinger, for the reason that Landecker's liability, under section 127, was direct to the plaintiffs. The chapter relating to the writ of attachment provided no specific remedy; and the remedy by proceedings supplementary could not reach the peculiar state of the case."

Considerable stress is put in this opinion upon the fact that the garnishee had disposed of the property and was sued for the value thereof. I see no grounds for any distinction, and if there were any the case in hand would be on all fours with that. Here the defendant had not retained the personal property which he held at the time the attachment was served. It had been converted into cash by the process of collection.

This case was not overruled in *Herrlich* v. *Kaufmann*, 99 Cal. 271, 37 Am. St. Rep. 50, but was recognized, and the distinction pointed out between the proceedings

provided by sections 717 et seq., and under section 544, were approved.

The proceedings provided for in sections 717 et seq. do not imply any notice of garnishment whatever. It is a special proceeding, which can only be inaugurated after execution has been issued and returned unsatisfied in whole or in part. It may be commenced by affidavit or other proof showing that any person has property of the judgment debtor. No showing is required to the effect that a notice of garnishment has been served upon such person. In section 715 it is provided that, where it is sought to subject such property to the levy of the execution, the same proceedings may be had as those provided after the return of the execution. This expressly refers to sections 717 et seq. This section also fails to provide, as in section 544, for a direct liability to the plaintiff in the attachment suit. This distinction is also pointed out in *Herrlich* v. *Kaufmann, supra.*

This being so, it is plain that no equitable circumstances need be shown to justify the suit. If, in giving the right, the statute has not also provided a remedy, an action at law will·lie upon the liability created by the statute. (*Roberts* v. *Landecker, supra.*)

As to the statute of limitations, if the garnishee is entitled to the plea as against the defendant in the attachment suit, he can plead it. The liability created by the garnishment is never barred. Of course, the garnishee can plead any defense he would have against his creditor, and also that the attaching creditor's debt has been satisfied, or that he failed to recover judgment, or that it has been reversed or has been barred. These last defenses might also have been made by the intervenor. But the liability which arises from the attachment, as something entirely distinct from these, is not barred.

The judgment is affirmed.

McFARLAND, J., and HENSHAW, J., concurred.