[L. A. No. 2114.   Department One.—February 17, 1909.]

## A. NORDSTROM et al., Respondents, v. CORONA CITY WATER COMPANY (a Corporation), Appellant.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION AGAINST GARNISHEE—ACTION BY JUDGMENT CREDITORS—SUFFICIENCY OF ORDER OF COURT.—Upon proceedings supplementary to execution against a judgment debtor by his judgment creditors, when it was sought to enforce a garnishment previously levied by such judgment creditors upon execution against a creditor of the judgment debtor, who denied any indebtedness to the judgment debtor, an order of court in substantial compliance with law, authorizing an action to be brought by the judgment creditors against such creditor to enforce the garnishment, though not following the precise language of section 720 of the Code of Civil Procedure, is sufficient to permit the action.

ID.—DENIAL OF INDEBTEDNESS BY GARNISHEE—ORDER OF COURT NOT ESSENTIAL.—The judgment creditors, having prosecuted their proceedings supplementary to execution so far as to secure a denial by the garnishee of any indebtedness to their judgment debtor, have the

right to bring action against their garnishee without any order of court permitting them so to do.

ID.—PLEADING OF JUDGMENT — NO MATERIAL VARIANCE — JUDGMENT AGAINST CONTRACTOR IN CONSOLIDATED MECHANIC'S LIEN SUIT.— Under the complaint against the garnishee merely alleging that plaintiffs obtained judgment in a specified sum against their judgment debtor named, the fact appearing in proof that the judgment was rendered in such aggregate sum in favor of the plaintiffs severally against the contractor as lien claimants whose liens failed, in a consolidated action to enforce mechanics' liens, and the garnishee is the owner of the premises claimed to be indebted to the contractor, does not show a material variance which could possibly mislead or prejudice the garnishee.

ID.—SINGLE JUDGMENT AUTHORIZED IN CONSOLIDATED LIEN SUIT.—The plaintiffs in a consolidated action to enforce mechanics' liens, though setting forth distinct causes of action, are authorized by law to unite in one action, and in that action a single judgment may be properly made and entered; and the allegation that plaintiffs recovered a judgment against the defendant, who was in fact the contractor, was substantially sustained by the proof offered.

ID.—DEATH OF JUDGMENT DEBTOR AFTER LIEN FIXED—RELATION TO GARNISHMENT—CONSTRUCTION OF CODE—PRESENTATION OF CLAIM NOT REQUIRED.—When, after a garnishment upon execution, the judgment creditor proceeds by supplementary proceedings, in the nature of a creditor's bill, to enforce the claim against the garnishee, a lien is fixed, whereby any judgment subsequently recovered against the garnishee will relate back to the levy of the garnishment, and cut off all intervening rights; and the death of the judgment debtor after the lien is so fixed, though prior to suit brought, does not require the presentation of a claim against his estate as a prerequisite to its enforcement. Such lien is within the provision of the exception made by section 1500 of the Code of Civil Procedure, which is designed to dispense with the necessity of presenting a claim, when relief is sought only against property upon which there is a demand secured by lien.

ID.—SUBSEQUENT JUDGMENT OF GARNISHEE AGAINST ESTATE OF DECEASED DEBTOR NO DEFENSE OR SET-OFF.—The garnishee can make no set off which did not exist in his favor at the time of the garnishment, and cannot affect the lien thereof by any subsequent action on his part. A subsequent judgment in his favor recovered against the estate of the deceased judgment debtor payable in the course of administration is no defense to the garnishment, and cannot be set off against the demand of the judgment creditors in their suit based upon the lien of the garnishment.

ID.—ACTION NOT BARRED BY STATUTE OF LIMITATIONS.—When it appears that judgments were obtained by the contractor against the owner of the property less than four years before the commencement of this action, and were not barred at the time of its commencement, the

obligation of the owner of the property not being extinguished at the time of the garnishment, the statute of limitations has no application to the action upon the garnishment, the liability upon which is never barred.

APPEAL from a judgment of the Superior Court of Riverside County and from an order denying a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

E. W. Freeman, and A. D. Laughlin, for Appellant.

Peck & Palmer, Wilfred M. Peck, William F. Palmer, M. E. C. Munday, and F. L. Binford, for Respondents.

SLOSS, J.—This is an action to recover the sum of $3384.10 and interest from defendant as garnishee. The plaintiffs, nineteen in number, had, under the authority of section 1195 of the Code of Civil Procedure, joined in an action against one A. L. McConnell, as contractor, and defendant, Corona City Water Company, as owner, to foreclose mechanics' liens for amounts claimed to be due the said plaintiffs for work done. On July 6, 1903, judgment was entered in said action, declaring that plaintiffs were not entitled to liens, but awarding them, severally, judgments against McConnell for different amounts, aggregating $3125.33, with interest and costs. On July 7, 1903, execution was issued on this judgment, and placed in the hands of the sheriff. On July 8, 1903, the sheriff duly levied said execution upon the indebtedness of the Corona City Water Company to McConnell, and made return. On July 17, 1903, McConnell recovered a judgment against said water company for $3441.50, which, upon appeal to this court, was affirmed for $3315.50 and costs. On said July 17, 1903, after the recovery of said judgment by McConnell, a second execution was issued upon plaintiffs' judgment against McConnell, and was, on the same day, levied by the sheriff upon all debts owing from the Corona City Water Company to McConnell, and returned. It is found by the court that at the time of the levy of each of said executions, the water company was indebted to McConnell in the sum of fifty-two hundred dollars. Said water company failed and refused to pay

to the sheriff upon the levy of said executions, and its indebt-
edness to McConnell has never been paid. The plaintiffs in-
stituted proceedings supplementary to execution in the action
in which they had recovered judgment against McConnell, and
such proceedings resulted in an order made on the thirteenth
day of October, 1906, authorizing plaintiffs to bring this
action against the Corona City Water Company to recover so
much of the debt due from the water company to McConnell
as would satisfy plaintiffs' judgment against McConnell. The
present action resulted in a judgment in favor of plaintiffs,
and defendant appeals from the judgment and from an order
denying its motion for a new trial.

1. The order authorizing plaintiffs to maintain this action
is assailed as failing to comply with the requirements of sec-
tion 720 of the Code of Civil Procedure. Under that section
(as it read at the time of the order in question), when, in pro-
ceedings supplementary to execution, a person or corporation
alleged to be indebted to the judgment debtor denies the debt,
the court or judge may "authorize by an order made to that
effect, the judgment creditor to institute an action against
such person or corporation for the recovery of such . . . debt."
The order here made was that plaintiffs "be permitted to
bring an action against the Corona City Water Company for
the recovery of their judgment." While the order did not
follow the precise language of the code, it was, when read in
the light of the proceedings leading up to its making, in sub-
stantial compliance with the law. But even if it was not, in
itself, sufficient as an order authorizing suit under section
720, the plaintiffs had the right, after having prosecuted their
supplementary proceedings to the point of securing from de-
fendants a denial of indebtedness to the judgment debtor, to
bring this action without any order permitting them so to do.
(*Phillips* v. *Price*, 153 Cal. 146, [94 Pac. 617].)

2. It is argued that there is a variance between the allega-
tions and the proof regarding the judgment of plaintiffs
against McConnell. The averment of the complaint is that
the plaintiffs obtained a judgment against McConnell for the
sum of $3125.33 and costs. This form of statement implies, as
is claimed, that the judgment was one in which the plaintiffs
were equally interested to the extent of the whole amount
recovered, whereas in fact the judgment was several in favor

CLV Cal.—14

of each plaintiff, and each was limited in interest to the amount awarded to him. The plaintiffs were, however, while setting forth distinct causes of action against McConnell, authorized by statute to unite in one action, and in that action a single judgment was properly made and entered. (*Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, [29 Pac. 629]; *Marble Lime Co.* v. *Lordsburg Hotel Co.,* 96 Cal. 332, [31 Pac. 164].) The allegation that plaintiffs recovered "a judgment" was therefore sustained by the proof offered. But even if a variance may be said to appear, it was one that could not possibly have misled the defendant to its prejudice, and it must be disregarded here. (Code Civ. Proc., sec. 469.)

3. On May 15, 1905, after the levy of the executions above referred to, McConnell died, and his widow was appointed administratrix of his estate. Notice to creditors was duly given, but plaintiffs' judgment against decedent was not presented to the administratrix for allowance, and the time for presenting claims had expired before the filing of the complaint herein. The appellant's position is that the plaintiffs, by reason of their failure to present to the administratrix a claim upon their judgment against her intestate, have lost their right to maintain any action upon such judgment. Any claim against the estate of a decedent, arising upon contract, must be presented within the time limited by the notice to creditors, and, if not so presented, "is barred forever." (Code Civ. Proc., sec. 1493.) A judgment against the decedent for the recovery of money must be presented "like any other claim." (Code Civ. Proc., sec. 1505.) The assets of a decedent come to the hands of his personal representative charged with the burden of discharging, in addition to the expenses of administration, all the debts of the decedent, in the order of priority declared by law. (Code Civ. Proc., sec. 1643.) No execution (except in certain cases) is to issue against the property of the decedent (Code Civ. Proc., sec. 1505), but all debts, after allowance by the executor or administrator, and approval by the court, are to be paid, subject to the direction of the court, in due course of administration. (Code Civ. Proc., secs. 1504, 1647.) No holder of a claim can, except in the case of a demand secured by mortgage or lien, maintain an action thereon unless the claim is first presented. (Code Civ. Proc., sec. 1500.) There may be a

question whether this prohibition covers only actions against
an administrator or executor as such, or includes actions (like
the present) instituted against third persons for the purpose
of subjecting to the payment of a debt of the decedent assets
belonging to his estate. Assuming that this is one of the
actions referred to in section 1500, we think it comes within
the exception declared in that section. The argument of ap-
pellant is that the levies of execution (garnishment) created
neither a liability from the water company to the plaintiffs,
nor a lien in favor of plaintiffs upon the debt due from said
company to McConnell. The present action is one brought
under the authority of sections 717 to 720 of the Code of
Civil Procedure, to compel a debtor of the judgment debtor
to apply the debt due the latter to the satisfaction of the
judgment. It is a statutory "proceeding supplementary to
execution," and is designed to take the place of the equitable
remedy by creditor's bill, formerly the only method of reach-
ing assets which could not be seized on execution. (*Herrlich*
v. *Kauffmann*, 99 Cal. 271, [37 Am. St. Rep. 50, 33 Pac. 857] ;
*Matteson Mfg. Co.* v. *Conley,* 144 Cal. 483, [77 Pac. 1042].)
While the code (Code Civ. Proc., sec. 688) authorizes the levy
of execution upon debts and credits, "in like manner as upon
writs of attachment," (i. e., by garnishment), the right to
maintain an action, like the one at bar, to recover debts due
the judgment debtor is in no way dependent upon any pre-
cedent garnishment of such debts. (*Carter* v. *Los Angeles
Nat. Bank,* 116 Cal. 370, [48 Pac. 332].) There is, further-
more, this peculiarity in the code sections regulating garnish-
ments. By the express terms of the statute relating to at-
tachments, persons indebted to the defendant are, upon receiv-
ing notice that such debts are attached, made directly liable
to the plaintiff for the amount thereof. (Code Civ. Proc.,
sec. 544.) No such direct liability is, however, provided in
the case of a levy of execution upon such debts, and this court
has, on several occasions, pointed out that the levy of execu-
tion upon a debtor of the judgment debtor does not give the
plaintiff a cause of action against the garnishee. (*Roberts* v.
*Landecker,* 9 Cal. 262; *Herrlich* v. *Kauffmann,* 99 Cal. 271,
[37 Am. St. Rep. 50, 33 Pac. 857] ; *Carter* v. *Los Angeles Nat.
Bank,* 116 Cal. 370, [48 Pac. 332].) Accordingly, says the
appellant, the plaintiffs acquired no rights against it until

the institution of this action, and at that time they had lost their right to proceed against the judgment debtor, and could not proceed against assets of his estate. But this argument assumes, not merely that the garnishment, when made, creates no direct liability to the plaintiffs, but that, under our code, such garnishment on execution has no effect whatever upon the title to the fund garnished, unless the debt is, by the garnishee, paid to the sheriff. Under this view, the creditor would be subject, after levy, to be defeated in his efforts to collect the debt by collusion between the judgment debtor and the garnishee, or by the act of either. The judgment debtor might render the levy useless by assigning his claim against the garnishee, while the latter could accomplish the same result by paying the claim to the judgment debtor or acquiring an offsetting demand against him after garnishment. We cannot accept an interpretation leading to such results. It is true that the code does not specifically define the effect of levying execution upon debts due the judgment debtor. It does, however, authorize such levy, and it is not to be supposed that the legislature intended to confer upon the judgment creditor the right to levy an execution, which could have no effect beyond that of warning the adverse parties and thus facilitating a possible effort to defeat the collection of the judgment. In *Lean* v. *Givens,* 146 Cal. 739, [106 Am. St. Rep. 79, 81 Pac. 128], it was held that the levy of an execution on land (where the judgment itself was not a lien) creates a lien upon the land from the date of the levy. The sections of the code relied upon to sustain this conclusion (Code Civ. Proc., secs. 537, 681, 683, 688) nowhere declare in express terms that a lien is created. The same sections are applicable to the levy of execution on debts, and the reasoning there used justifies the conclusion that a garnishment on execution fixes the rights of the judgment creditor so as to make his right to recover the debt from the garnishee superior to any claim or demand accruing subsequently. Section 688 provides that "until a levy, property is not affected by the execution," a form of statement carrying with it the clear implication that, from and after the levy, it is so affected. When, therefore, after a garnishment upon execution, the judgment creditor proceeds by supplementary proceedings or creditor's bill to collect the debt, any judgment recovered by him relates back to the levy

of the garnishment, and intervening rights are cut off. It is somewhat difficult to define the exact nature of the right which the creditor secures by such levy. It may be regarded as an involuntary assignment of the debt, or as the creation of a lien thereon. The term lien, defined by the Civil Code (sec. 2872) as a charge imposed upon *specific property*, may not perhaps be accurately applied to a charge upon a chose in action. But, having in view the purpose of section 1500 of the Code of Civil Procedure, which is designed to dispense with the necessity of presenting a claim against the estate of a decedent where recourse is sought only against property which is bound as security for the claimant's demand, we find no difficulty in holding that, within the meaning of this section, the levy of execution upon debts due a judgment debtor does create a lien upon such debts. An argument in support of this conclusion may be drawn from section 1505 of the Code of Civil Procedure, which provides that if execution is actually levied upon property of the decedent before his death, the same may be sold. While debts levied on cannot be sold, the section does indicate that the legislature did not intend to give to the death of the judgment debtor the effect of destroying executions already levied. The failure of plaintiffs to present their claim to the administratrix of McConnell's estate did not, therefore, affect their right to reduce to possession the debt due from the water company to the judgment debtor, such debt having been levied on by execution prior to McConnell's death.

4. The answer alleged and the court found that in February, 1906, the Corona City Water Company, defendant herein, recovered a judgment against the administratrix of the estate of McConnell for $7121, payable in course of administration, and that no part of this judgment has been paid. This judgment against the estate of the original judgment debtor is relied on as an offset to the demand here in suit. As a general rule, the garnishee may offset against the claim of the judgment creditor whatever demand he might be able to set off against the claim of the judgment debtor against him. "Of course the garnishee can plead any defense he may have against his creditor . . ." (*Carter* v. *Los Angeles Nat. Bank,* 116 Cal. 370, [48 Pac. 332].) But the set-off which may be claimed by the garnishee must be one which existed at the

time of the garnishment. (Freeman on Executions, sec. 417.) We have already, in discussing the effect of McConnell's death, stated our reasons for holding that the effect of the levy of an execution upon debts due the judgment debtor is to fix the rights of the parties, so that neither the judgment debtor nor the garnishee can, by subsequent action, destroy the effect of the garnishment. If this view be correct, it must follow that the judgment recovered by the water company against McConnell's estate could not be set off against plaintiff's demand, such judgment having been recovered long after the levy of the writs of execution, and there being neither allegation nor proof that it is founded on a liability owing to the defendant at the time of the garnishment.

5. There is no merit in the appellant's contention that the action is barred by the statute of limitations. The judgments obtained by McConnell against the water company were rendered less than four years before the commencement of this action, and a suit on these judgments by McConnell or his administratrix would, of course, not have been barred then. (Code Civ. Proc., sec. 336.) If the obligation of the garnishee to the judgment debtor is not barred, the statute of limitations has no application. "As to the statute of limitations, if the garnishee is entitled to the plea as against the defendant in the attachment suit, he can plead it. The liability created by the garnishment is never barred." (*Carter* v. *Los Angeles Nat. Bank,* 116 Cal. 370, [48 Pac. 332].) The case just cited was one of a garnishment on attachment. The same rule must apply to garnishment on execution. In this action, the defendant occupies the same position that it would hold if it were being sued by McConnell, the judgment debtor (2 Wade on Attachments, sec. 453), and if such suit would not be barred by limitation, the present action is not.

The judgment and order appealed from are affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.