[Civ. No. 3012. Third Appellate District.—May 20, 1926.]

CATHERINE M. JOHNSTON, Respondent, v. ELLIS W. JONES, Sheriff, etc., Appellant.

[1] ATTACHMENTS — RELEASE OF GARNISHMENT — DUTY OF SHERIFF— MANDAMUS.—The law does not enjoin a sheriff to release a garnishment, upon the filing by defendant of an undertaking staying execution pending appeal; and, therefore, *mandamus* will not lie to compel a sheriff to release a garnishment upon the filing of such undertaking.

[2] ID. — ATTACHMENT OF REAL PROPERTY — DUTY OF SHERIFF TO RELEASE—MANDAMUS.—Under subdivision 7 of section 4157 of the Political Code, a sheriff. must release on the record "all attachments of real property, when the attachment placed in his hand has been released or discharged"; and *mandamus* will lie to compel a sheriff to release of record an attachment of real property after the defendant has appealed from the judgment against him and filed a good and sufficient undertaking, approved by the judge of the trial court, staying execution pending appeal.

[3] ID.—MANDAMUS—PARTIES—JUDGMENT.—In a suit for a writ of mandate to compel a sheriff to release of record an attachment, to which proceeding the plaintiff in the attachment suit is not a party, the court is without power to dissolve or discharge the attachment.

(1) 28 C. J., p. 365, n. 50; 38 C. J., p. 590, n. 36, 37, p. 623, n. 93, 9, p. 692, n. 10.   (2) 38 C. J., p. 623, n. 92.   (3) 38 C. J., p. 926, n. 12.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Ralph H. Lewis and Berkeley B. Blake for Appellant.

Thomas B. Leeper for Respondent.

FINCH, P. J.—Plaintiff brought this action for a writ of *mandamus* to compel the defendant "to dismiss the attachments and garnishments" issued and levied in an action against plaintiff for the recovery of money. The defendant

Sheriff executed the writ of attachment in that action "by garnisheeing money" which this plaintiff had on deposit in a certain bank "and also levied said writ of attachment upon real property" belonging to her. Judgment was thereafter entered in said action against this plaintiff as prayed for in the complaint therein. Plaintiff herein appealed from the judgment and filed a good and sufficient undertaking, approved by the judge of the trial court, staying execution pending appeal, and the appeal is still pending. This plaintiff, after the filing and approval of such undertaking, requested the defendant "to release the attachments and garnishments . . . issued in said matter," but the defendant refused. The trial court entered judgment herein in favor of the plaintiff and issued a peremptory writ of *mandamus* requiring the defendant to release such "attachments or garnishments." The defendant has appealed on the judgment-roll alone.

Section 671 of the Code of Civil Procedure provides that a judgment "lien continues for five years unless the enforcement of the judgment be stayed on appeal by the execution of a sufficient undertaking as provided in this code, in which case the lien of the judgment and any lien by virtue of an attachment that has been issued and levied in the action ceases." In *Brun* v. *Evans,* 197 Cal. 439 [241 Pac. 86], it is held that an attachment lien upon real estate ceases upon the filing of a stay bond on appeal. Whether the term "lien," as used in section 671, may be applied to the effect of a garnishment has not been decided. Somewhat similar questions were discussed in *Nordstrom* v. *Corona City Water Co.,* 155 Cal. 206, 212 [132 Am. St. Rep. 81, 100 Pac. 242], and *Kimball* v. *Richardson-Kimball Co.,* 111 Cal. 386, 393 [43 Pac. 1111]. It is unnecessary, however, to decide that question because the Sheriff, after making his return, had no further duty to perform relative to such garnishment. [1] The writ of *mandamus* "may be issued . . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station." (Code Civ. Proc., sec. 1085.) No law has been cited which enjoins a Sheriff to release a garnishment. If, under the provisions of section 671, the garnishment in this case ceased upon the filing of the stay bond, no action on the part of the Sheriff could add anything to

the effect thereof, and information that such undertaking had been filed and approved was as readily ascertainable by the bank as by the Sheriff. Had the Sheriff held possession of personal property capable of manual delivery, a different question would be presented.

[2] In case of attachment of real property the legislature has wisely provided a different procedure. In the attachment of real property there must be filed "with the recorder of the county a copy of the writ, together with a description of the property attached, and a notice that it is attached." (Code Civ. Proc., sec. 542, subd. 1.) Until such attachment is released of record the attachment stands as a cloud upon the title of such real estate. Section 560 of the Code of Civil Procedure provides: "An attachment as to any real property may be released by a writing signed by the plaintiff, or his attorney, or the officer who levied the writ." This section doubtless has reference to a release of record in a proper case. Section 4157 of the Political Code provides: "The sheriff must: . . . 7. Release on the record all attachments of real property, when the attachment placed in his hand has been released or discharged." In *Clark* v. *Superior Court*, 37 Cal. App. 732 [174 Pac. 681], a writ of mandate was issued requiring the sheriff therein mentioned to release of record a writ of attachment which had been dissolved by a judgment in favor of the defendant in the attachment suit. Under the authority of that case, it is the duty of defendant Sheriff to release of record the attachment of the real estate referred to herein.

No authority appearing in support of the judgment requiring the defendant to release the garnishment, that part of the judgment must be reversed. Even if it were conceded that in the attachment suit the court had inherent power, upon the filing of the stay bond, to direct the Sheriff, as an officer of the court, to release the garnishment, it would not follow that in an independent suit in *mandamus* the court has such power. In the one case the Sheriff's duty would arise out of the order of the court, but in the other the duty must be one specially enjoined by law.

[3] The judgment also provides: "It is therefore ordered, adjudged and decreed that said attachments or garnishments . . . and any lien created by same are discharged and released by the filing of said undertaking on appeal

staying execution in the said matter.'' It is clear that in a suit for a writ of mandate to compel the Sheriff to release of record an attachment, to which proceeding the plaintiff in the attachment suit is not a party, the court is without power to dissolve or discharge the attachment.

In so far as the judgment requires the defendant, in effect, to ''release on the record'' the attachment of real property, as provided in section 4157 of the Political Code, it is affirmed. In other respects the judgment is reversed, appellant to recover costs of appeal.

Hart, J., and Plummer, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1926.