[No. B077050. Second Dist., Div. Six. Mar. 21, 1995.]

NEIMAN MARCUS, Plaintiff and Appellant, v.
CONNIE TAIT, Defendant and Respondent.

**COUNSEL**

Paul H. Johnson for Plaintiff and Appellant.

Zander & Fletcher and James H. Zander for Defendant and Respondent.

## OPINION

**GILBERT, J.**—While a judgment creditor is in the process of enforcing its judgment, the probate court orders a conservator for the judgment debtor's estate. Here we hold that Code of Civil Procedure section 709.030 requires the judgment creditor to apply for payment to the probate court.[1] We affirm the order of the trial court denying the judgment creditor's motion to require the sheriff to turn over money subject to an execution lien.

### FACTS

On February 10, 1993, Neiman Marcus obtained a judgment against Connie Tait in the amount of $77,166.20. The judgment was to recover money owed for two fur coats sold to Tait.

On March 3, 1993, Tait's sisters filed a petition for conservatorship of Tait's person and estate. On March 8, the court clerk of the superior court issued a writ of execution on the judgment. Neiman Marcus instructed the sheriff to levy against six different financial institutions. The sheriff served the levies on March 26, 1993. On April 12, 1993, World Savings delivered $787.83 to the sheriff in response to the levy.

On April 13, 1993, the probate court issued letters of conservatorship to Tait's sisters. From April 16 to May 3, financial institutions responded to the levy served on March 26 by delivering more than $75,000 to the sheriff.

On May 3, 1993, the conservators wrote to the sheriff stating that property in conservatorship is not subject to levy under a writ of execution. The sheriff refused to turn over the money to Neiman Marcus, but held the money pending a judicial determination.

Neiman Marcus made a motion for an order requiring the sheriff to release the funds. The trial court denied the motion on the ground that the money was part of the conservatorship estate and was no longer subject to execution. The court suggested Neiman Marcus apply under the Probate Code for payment through the conservatorship. Instead Neiman Marcus appealed.

### DISCUSSION

■ Section 699.720, subdivision (a), provides in part: "The following types of property are not subject to execution:

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[1]All statutory references are to this code unless otherwise stated.

"(10) Property in a guardianship or conservatorship estate."

Section 709.030 provides: "Property in a guardianship or conservatorship estate is not subject to enforcement of a money judgment by a procedure provided in this division, but the judgment creditor may apply to the court in which the guardianship or conservatorship proceeding is pending under Division 4 (commencing with Section 1400) of the Probate Code for an order requiring payment of the judgment."

The theory is that property in a conservatorship estate is in the hands of the law, and thus application must be made to the court having jurisdiction over the estate. (*McCracken* v. *Lott* (1935) 3 Cal.2d 164 [44 P.2d 355].) The question is when does the conservatorship arise?

The conservators claim it arises when the petition for conservatorship is filed. They point out that section 709.030 requires the judgment creditor to apply in the court where the conservatorship is "pending." They say a case is pending from the time it is filed. (Citing § 1049 ["An action is deemed pending from the time of its commencement . . . ."].)

But section 709.030 describes where the judgment creditor should apply when property is in a conservatorship estate; the section does not say when that occurs. The filing of a petition does not guaranty the petition will be granted. It would be anomalous to hold that property comes into a conservatorship estate prior to the time a court determines the need for a conservatorship.

On the other hand, Neiman Marcus argues the conservatorship estate arises when the letters of conservatorship are issued. It is true that a person has no power to administer the estate until letters are issued. (Prob. Code, § 8400.) But it does not follow there is no estate until that time. We believe the conservatorship estate arises at the time of the order appointing a conservator. (Prob. Code, § 1830.) At that time the court determines the conservatee's estate is in need of protection.

In any event, under the facts of this case, the precise time at which the conservatorship estate arose is academic. Even if we were to agree with Neiman Marcus that the estate did not arise until the letters were issued, there is no dispute that the process of enforcing a money judgment under the Code of Civil Procedure had not been completed. We must presume that when the Legislature stated in section 709.030 that property in a conservatorship estate is not subject to the procedures for enforcing a money judgment, it meant all of the procedures from beginning to end. Because the

transfer of the property to Neiman Marcus had not been completed at the time the conservatorship estate arose, Neiman Marcus must apply for payment under the Probate Code.

Neiman Marcus relies on section 697.710. That section provides that "[a] levy on property under a writ of execution creates an execution lien on the property from the time of the levy . . . ." Neiman Marcus also relies on sections 697.730 and 695.070 for the proposition that the property remains subject to the lien even if it is transferred or encumbered and the money judgment may be enforced as if the property had not been transferred or encumbered.

But those statutes are part of the procedure for the enforcement of judgments which section 709.030 states does not apply to property in a conservatorship estate. The statutes are intended to give the judgment creditor priority from the time of the levy over subsequent third party claimants. Nothing in those statutes authorizes Neiman Marcus to ignore the requirement of section 709.030 that it proceed in the court in which the conservatorship is pending.

Neiman Marcus contends that under Probate Code section 2100, the procedures for collecting judgments from decedents' estates, apply to conservatorship estates. We disagree. Probate Code section 2100 provides: "Guardianships and conservatorships are governed by Division 3 (commencing with section 1000), except to the extent otherwise expressly provided by statute, and by this division. If no specific provision of this division is applicable, the provisions applicable to administration of estates of decedents govern so far as they are applicable in like situations." Neiman Marcus points out that Probate Code section 9303 provides that, "If property of the decedent is subject to an execution lien at the time of the decedent's death, enforcement against the property may proceed under the Enforcement of Judgments Law . . . ."

But Probate Code section 2100 applies the law of decedents' estates to conservatorships ". . . except to the extent otherwise expressly provided by statute . . . ." Section 709.030 expressly provides that the enforcement of judgments law does not apply to property in a conservatorship estate.

For the same reason, Neiman Marcus's reliance on *Nordstrom v. Corona City Water Co.* (1909) 155 Cal. 206 [100 P. 242] is misplaced. *Nordstrom* concerned collecting a judgment against a decedent estate, not a conservatorship estate. Probate Code section 9303 expressly states the enforcement of judgments law applies to decedent's estates; section 709.030 expressly states the enforcement of judgments law does not apply to conservatorship estates.

The judgment (order) is affirmed. Costs are awarded to respondent.

Stone (S. J.), P. J., and Yegan, J., concurred.